# EXHIBIT M



No. 202.10

## EXECUTIVE ORDER

### Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York;

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to be continue;

**WHEREAS**, ensuring the State of New York has adequate bed capacity, supplies, and providers to treat patients affected with COVID-19, as well as patients afflicted with other maladies, is of critical importance; and

**WHEREAS**, eliminating any obstacle to the provision of supplies and medical treatment is necessary to ensure the New York healthcare system has adequate capacity to provide care to all who need it;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 22, 2020 the following:

- Section 2803 of the Public Health Law, and Parts 400, 401, 405, 409, 710, 711 and 712 of Title 10 of the NYCRR, to the extent necessary to permit and require general hospitals to take all measures necessary to increase the number of beds available to patients, in accordance with the directives set forth in this Executive Order;

- Section 3001, 3005-a, 3008, and 3010 of the Public Health Law to the extent necessary to modify the definition of "emergency medical services" to include emergency, non-emergency and low acuity medical assistance; to eliminate any restrictions on an approved ambulance services or providers operating outside of the primary territory listed on such ambulance service's operating certificate with prior approval by the Department of Health; to permit the Commissioner of Health to issue provisional emergency medical services provider certifications to qualified individuals with modified certification periods as approved; and to allow emergency medical services to transport patients to locations other than healthcare facilities with prior approval by Department of Health;

- Section 3002, 3002-a, 3003, and 3004-a of Public Health Law to the extent necessary to allow any emergency medical treatment protocol development or modification to occur solely with the approval of the Commissioner of Health;

- Sections 405.13 and 755.4 of Title 10 of the NYCRR to the extent necessary to permit an advanced practice registered nurse with a doctorate or master's degree specializing in the administration of anesthesia administering anesthesia in a general hospital or free-standing ambulatory surgery center without the supervision of a qualified physician in these health care settings;

- Paragraph 1 of Section 6542 of the Education Law and Subdivisions (a) and (b) of Section 94.2 of Title 10 of the NYCRR to the extent necessary to permit a physician assistant to provide medical services appropriate to their education, training and experience without oversight from a supervising physician without civil or criminal penalty related to a lack of oversight by a supervising physician;

- Paragraph 1 of Section 6549 of the Education Law and Subdivisions (a) and (b) of Section 94.2 of Title 10 of the NYCRR to the extent necessary to permit a specialist assistant to provide medical services appropriate to their education, training and experience without oversight from a supervising physician without civil or criminal penalty related to a lack of oversight by a supervising physician;

- Subdivision (3) of Section 6902 of Education Law, and any associated regulations, including, but not limited to, Section 64.5 of Title 10 of the NYCRR, to the extent necessary to permit a nurse practitioner to provide medical services appropriate to their education, training and experience, without a written practice agreement, or collaborative relationship with a physician, without civil or criminal penalty related to a lack of written practice agreement, or collaborative relationship, with a physician;

- Subdivision (15) of section 3001, and Sections 800.3, 800.15 and 800.16 of Title 10 of the NYCRR with approval of the department, to the extent necessary to define "medical control" to include emergency and non-emergency direction to all emergency medical services personnel by a regional or state medical control center and to permit emergency medical services personnel to operate under the advice and direction of a nurse practitioner, physician assistant, or paramedic, provided that such medical professional is providing care under the supervision of a physician and pursuant to a plan approved by the Department of Health;

- Subdivision (2) of section 6527, Section 6545, and Subdivision (1) of Section 6909 of the Education Law, to the extent necessary to provide that all physicians, physician assistants, specialist assistants, nurse practitioners, licensed registered professional nurses and licensed practical nurses shall be immune from civil liability for any injury or death alleged to have been sustained directly as a result of an act or omission by such medical professional in the course of providing medical services in support of the State's response to the COVID-19 outbreak, unless it is established that such injury or death was caused by the gross negligence of such medical professional;

- Any healthcare facility is authorized to allow students, in programs to become licensed in New York State to practice as a healthcare professional, to volunteer at the healthcare facility for educational credit as if the student had secured a placement under a clinical affiliation agreement, without entering into any such clinical affiliation agreement;

- Notwithstanding any law or regulation to the contrary, health care providers are relieved of recordkeeping requirements to the extent necessary for health care providers to perform tasks as may be necessary to respond to the COVID-19 outbreak, including, but not limited to, requirements to maintain medical records that accurately reflect the evaluation and treatment of patients, or requirements to assign diagnostic codes or to create or maintain other records for billing purposes. Any person acting reasonably and in good faith under this provision shall be afforded absolute immunity from liability for any failure to comply with any recordkeeping requirement. In order to protect from liability any person acting reasonably and in good faith under this provision, requirements to maintain medical records under Subdivision 32 of Section 6530 of the Education Law, Paragraph (3) of Subdivision (a) of Section 29.2 of Title 8 of the NYCRR, and Sections 58-1.11, 405.10, and 415.22 of Title 10 of the NYCRR, or any other such laws or regulations are suspended or modified to the extent necessary for health care providers to perform tasks as may be necessary to respond to the COVID-19 outbreak;

- Section 405.45 of Title 10 of the NYCRR to the extent necessary to permit the Commissioner of Health to designate a health care facility as a trauma center, or extend or modify the period for which a health care facility may be designated as a trauma center, or modify the review team for assessment of trauma center;

- Sections 800.3, 800.8, 800.9, 800.10, 800.12, 800.17, 800.18, 800.23, 800.24, and 800.26 of Title 10 of the NYCRR to the extent necessary to extend all existing emergency medical services provider certifications for one year; to permit the Commissioner of Health to modify the examination or recertification requirements for emergency medical services provider certifications; to suspend or modify, at the discretion of the Commissioner of Health, any requirements for the recertification of previously certified emergency medical services providers; and, at the discretion of the Commissioner of Health, develop a process determined by the Department of Health, to permit any emergency medical services provider certified or licensed by another State to provide emergency medical services within New York state; at the discretion of the Commissioner of Health, to suspend or modify equipment or vehicle requirements in order to ensure sustainability of EMS operations;

- Paragraph (6) of subdivision (b) of part 405.4 of Title 10 of the NYCRR to the extent necessary to remove limits on working hours for physicians and postgraduate trainees;

- Subparagraph (ii) of paragraph (2) of subdivision (g) of 10 N.Y.C.R.R. section 405.4, to the extent necessary to allow graduates of foreign medical schools having at least one year of graduate medical education to provide patient care in hospitals, is modified so as to allow such graduates without licenses to provide patient care in hospitals if they have completed at least one year of graduate medical education;

- Subdivision (e) of section 405.2 of Title 10 of the NYCRR, to the extent necessary to permit general hospitals affected by the disaster emergency to maintain adequate staffing;

- Subdivision (b) of section 405.3 of Title 10 of the NYCRR, to the extent necessary to allow general hospitals to use qualified volunteers or personnel affiliated with different general hospitals, subject to the terms and conditions established by the Commissioner of Health;

- Section 3507 of the Public Health Law and Part 89 of Title 10 of the NYCRR to the extent necessary to permit radiologic technologists licensed and in current good standing in New York State but not registered in New York State to practice in New York State without civil or criminal penalty related to lack of registration;

- Sections 3502 and 3505 of the Public Health Law and Part 89 of Title 10 of the NYCRR to the extent necessary to permit radiologic technologists licensed and in current good standing in any state in the United State to practice in New York State without civil or criminal penalty related to lack of licensure;

- Sections 8502, 8504, 8504-a, 8505, and 8507 of the Education Law and Subpart 79-4 of Title 8 of the NYCRR, to the extent necessary to allow respiratory therapists licensed and in current good standing in any state in the United States to practice in New York State without civil or criminal penalty related to lack of licensure;

- Section 6502 of the Education Law and 8 NYCRR 59.8, to the extent necessary to allow physician's assistants licensed and in current good standing in New York State but not registered in New York State to practice in New York State without civil or criminal penalty related to lack of registration;

- Section 6502 of the Education Law and 8 NYCRR 59.8, to the extent necessary to allow registered professional nurses, licensed practical nurses and nurse practitioners licensed and in current good standing in New York State but not registered in New York State to practice in New York State without civil or criminal penalty related to lack of registration;

- Subdivision (2-b) of Section 4002 of the Public Health Law to the extent necessary to allow a hospice residence to designate any number of beds within such facility as dually certified inpatient beds;

- Title V of Article 5 of the Public Health Law and subparts 19 and 58 of Title 10 of the NYCRR, to the extent necessary to allow laboratories holding a Clinical Laboratory Improvement Acts (CLIA) certificate and meeting the CLIA quality standards described in 42 CFR Subparts H, J, K and M, to perform testing for the detection of SARS-CoV-2 in specimens collected from individuals suspected of suffering from a COVID-19 infection;

- Article 139 of the Education Law, Section 576-b of the Public Health Law and Section 58-1.7 of Title 10 of the NYCRR, to the extent necessary to permit registered nurses to order the collection of throat or nasopharyngeal swab specimens from individuals suspected of being infected by COVID-19, for purposes of testing; and

- Subdivision (1) of Section 6801 of the Education Law, Section 6832 of the Education Law and Section 29.7(a)(21)(ii)(b)(4) of Title 8 of the NYCRR, to the extent necessary to permit a certified or registered pharmacy technician, under the direct personal supervision of a licensed pharmacist, to assist such licensed pharmacist, as directed, in compounding, preparing, labeling, or dispensing of drugs used to fill valid prescriptions or medication orders for a home infusion provider licensed as a pharmacy in New York, compliant with the United States Pharmacopeia General Chapter 797 standards for Pharmaceutical Compounding – sterile preparations, and providing home infusion services through a home care agency licensed under Article 36 of the Public Health Law.

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I hereby issue the following directives for the period from the date of this Executive Order through April 22, 2020:

- Any healthcare facility is authorized to allow students, in programs to become licensed in New York State to practice a healthcare professional, to volunteer at the healthcare facility for educational credit as if the student had secured a placement under a clinical affiliation agreement, without entering into any such clinical affiliation agreement;

- The Commissioner of Health is authorized to direct, and shall so direct, all general hospitals, ambulatory surgery centers, office-based surgery practices and diagnostic and treatment centers to increase the number of beds available to patients, including by canceling all elective surgeries and procedures, as the Commissioner of Health shall define. General hospitals shall comply with such order by submitting COVID-19 Plans to the New York State Department of Health (NYSDOH), on a schedule to be determined by NYSDOH, to accomplish this purpose;

- The Commissioner of Health is authorized to suspend or revoke the operating certificate of any general hospital should they be unable to meet the requirements of the necessary capacity directives; and notwithstanding any law to the contrary the Commissioner may appoint a receiver to continue the operations on 24 hours' notice to the current operator, in order to preserve the life, health and safety of the people of the State of New York.

- No pharmacist shall dispense hydroxychloroquine or chloroquine except when written as prescribed for an FDA-approved indication; or as part of a state approved clinical trial related to COVID-19 for a patient who has tested positive for COVID-19, with such test result documented as part of the prescription. No other experimental or prophylactic use shall be permitted, and any permitted prescription is limited to one fourteen day prescription with no refills.

- Any licensed health insurance company shall deliver to the Superintendent, no later than March 24, 2020 a list of all persons who have a professional licensure or degree, whether physician's assistant, medical doctor, licensed registered nurse, licensed nurse practitioner or licensed practical nurse, and whether or not the person has a currently valid, or recently (within past five years) expired license in the state of New York. The Department of Financial Services shall poll such individuals to determine whether or not such professionals would serve in the COVID-19 response effort.

- Non-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations or other social events) are canceled or postponed at this time.

GIVEN under my hand and the Privy Seal of the State in the City of Albany this twenty-third day of March in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor