# EXHIBIT CC



# Mask mandates are constitutionally permissible

BY SHELLEY CAVALIERI, JESSICA KNOUSE AND REBECCA ZIETLOW, OPINION CONTRIBUTORS — 07/31/20 01:30 PM EDT

THE VIEWS EXPRESSED BY CONTRIBUTORS ARE THEIR OWN AND NOT THE VIEW OF THE HILL

**2,781**  SHARES                                                                 SHARE                    TWEET

**Just In...**

**Biden: 'I would transition from the oil industry'**
ENERGY & ENVIRONMENT — 13M 51S AGO

**Maddow: Trump owes Welker an apology**
CAMPAIGN — 23M 23S AGO

**Communities hit by pollution rollbacks 'making a lot of money' under Trump, president says**
ENERGY & ENVIRONMENT — 29M 30S AGO

**Welker raises question about 'the talk' during final debate**
CAMPAIGN — 31M 33S AGO

**Chris Wallace says he was 'jealous' of moderator watching final debate between Trump and Biden**
NEWS — 32M 43S AGO

**Shift in tone dominates at final Trump-Biden clash**
CAMPAIGN — 32M 45S AGO

**Trump says 'only' the immigrants with 'the lowest IQ' return for their court cases**
CAMPAIGN — 53M 43S AGO

**Social media users praise Welker's debate moderating**
CAMPAIGN — 54M 22S AGO

VIEW ALL


© getty

As a result of the dramatic rise of COVID-19 cases in recent weeks, many state officials have issued orders requiring people in public to wear masks. The mask mandates have generated controversy as some have sought to politicize this important public health measure. Opponents of mask mandates have even sued state governments to block them, arguing that the mandates violate individual liberty rights. Courts should immediately reject those suits.

The Constitution strikes a delicate balance between individual liberty and the interests of the community as a whole. Courts have repeatedly found that the government can limit our liberty to protect the health of people in our community. Thus, we do not have a right to do whatever we want in the name of liberty, but the government can't stop us from exercising our liberty without due process of law. Similarly, we have a right to freedom of speech, but not to speak in a way that causes imminent harm to those around us.

The spread of COVID-19 has created a public health emergency that is unprecedented in the history of our country. Over 4.5 million Americans have contracted the disease, and tragically, more than 150,000 have already died of it. COVID-19 is highly contagious and is often spread by people who are infected but show no symptoms. Lacking a comprehensive program of testing and tracking, it is impossible to control the disease. However, numerous scientific studies confirm that the simple act of wearing masks in public can significantly slow its spread.

State governments have broad authority to regulate people and property to advance the health, safety and general welfare of the public. This power, known as the police power, is incredibly broad, serving as the legal

/

View Latest Opinions >>

Related News   by   |


Blessing for Trump: a campaign devoid of...


Black male voters are tired of being taken for...


Born Into Billions: Meet America's Richest Heirs
Sponsored | Investing.com


Hypocrisy on the high court: 'Textualists' and...

justification to workplace safety, land use regulations, public health regimes, traffic ordinances and the operation of the police force. Courts have historically deferred to state police powers and rejected challenges to those powers.

Police powers are at their most capacious when invoked to protect the health and safety of members of our community. For example, in the 1905 case Jacobson v. Massachusetts, the U.S. Supreme Court held that the state could require people to be vaccinated in order to slow the spread of smallpox. Because requiring people to wear masks is significantly less intrusive than requiring vaccinations, it is clear that mask mandates are a permissible exercise of state police powers.

Some business owners and individuals have argued that they have a constitutional right to ignore mask mandates because the mandates amount to excessive government regulation. But under the Constitution, neither business owners nor individuals have a right to disregard mandates that protect public health.

States routinely reach into the operation of businesses to advance goals of health and safety under the auspices of state police powers. For example, restaurant kitchens are subject to inspection by health departments in order to ensure that health standards are met.

Furthermore, businesses are expected in many instances to help enforce these standards. Many states have statewide bans on smoking in public establishments, and business owners are typically delegated some responsibility for the enforcement of these norms. States have also shifted liability onto business owners for the foreseeable consequences of their failure to protect patrons. Dram shop laws, for example, hold businesses liable when they serve or sell alcohol to intoxicated persons or minors who later cause damage to others.

All of these quotidian legal regimes evidence how state police powers are expansive in their reach to protect individuals, even by requiring businesses to help ensure the safety of the public.

Business owners may argue that mask mandates violate the Due Process Clause of the 14th Amendment. However, to do so, they would have to convince courts that mask mandates deprive them of a property interest. What property is being taken away by the state mandating that employees and customers wear masks? The cost of masks? But masks are a minor expense, and businesses are required to spend money to comply with safety regulations all the time.

Even if a court were persuaded that mask mandates deprived businesses of property, the owners could still have to establish that they were deprived of that property without due process of law. In order to do that, they would have to show that mandates lack any connection to a legitimate government interest. However, protecting public health is clearly a legitimate – and even compelling – government interest. Moreover, there is ample scientific evidence showing that wearing masks does in fact protect public health. Thus, business owners challenging mask mandates would almost certainly fail.

Individuals who do not want to wear masks might also file suits to challenge mask mandates, claiming that their refusal to wear a mask is a political statement protected by the First Amendment. Unlike business owners, these challengers might state a colorable legal claim. The First Amendment does protect expressive conduct, which might include refusing to wear a mask as an act of protest against mask mandates.

**Alabama lieutenant governor tests positive for COVID-19**

Trump teases preemptive release of '60 Minutes' interview

However, wearing a mask does not deprive individuals of the right to protest mask mandates. They still have many other ways to express their political opinions. Because it is possible to comply with the mandated conduct of wearing a mask while simultaneously speaking against the mask policy or wearing a shirt or holding a sign that speaks against the policy, courts could almost certainly reject a First Amendment challenge to mask mandates. And even if they did not reject the challenge outright, the interest in public health justifies the burden on speech.

The question of whether or not government officials should require individuals to wear masks in public is a matter of public policy. The question of whether or not they have the power to do so is also a matter of policy. Courts are unlikely to intervene, nor should they. There is no constitutional right not to wear masks, nor do business owners have any right to resist mask mandates.

*Shelley Cavalieri is professor of law at The University of Toledo College of Law and is an expert on property, human rights and public health law. Jessica Knouse is professor of law at The University of Toledo College of Law and an expert on constitutional law and individual liberty. Rebecca Zietlow is the Charles W. Fornoff Professor of Law and Values at The University of Toledo College of Law and an expert in constitutional law and individual rights.*

TAGS  CORONAVIRUS  U.S. SUPREME COURT  MASK
FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

SHARE         TWEET



THE HILL 1625 K STREET, NW SUITE 900 WASHINGTON DC 20006 | 202-628-8500 TEL | 202-628-8503 FAX
THE CONTENTS OF THIS SITE ARE ©2020 CAPITOL HILL PUBLISHING CORP., A SUBSIDIARY OF NEWS COMMUNICATIONS, INC.