UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| **OUR WICKED LADY LLC** | **CASE NO.:   1:21-cv-165** |
| (d/b/a "Our Wicked Lady"); | |
| **MICADO BROOKYN LLC** | **COMPLAINT FOR** |
| (d/b/a/ "The Anchored Inn"); | **INJUNCTIVE RELIEF,** |
| **REGULARS LLC** | **DECLARATORY JUDGMENT,** |
| (d/b/a "Captain Dan's Good Time Tavern"); | **AND DAMAGES** |
| **HAPPYFUN HIDEAWAY INC.** | |
| (d/b/a "Happyfun Hideaway"); | |
| **FLOWERS FOR ALL OCCASIONS INC.** | **ECF CASE** |
| (d/b/a "Flowers for All Occasions Inc."); | |
| **BARNOTH GROUP LLC** (d/b/a"Grey Lady"); | **JURY TRIAL DEMANDED** |
| **7 CORNELIA HOSPITALITY, LLC** | |
| (d/b/a"Uncle Chop Chop"); | |
| **PARKSIDE BAR 278 LLC** (d/b/a "Palmetto"); | |
| **ONE STOP BEER SHOP LLC** | |
| (d/b/a "One Stop Beer Shop"); | |
| **SCOTTOCASA INC.** (d/b/a "Scottocasa"); | |
| **MODO YOGA NYC LLC** (d/b/a "Modo"); | |
| **732 TOWNIES INC.** (d/b/a "Twins Lounge"); | |
| **417 THROOP BAR LLC** | |
| (d/b/a "The Coyote Club"); | |
| **713 BAR INC.** (d/b/a "Carmelo's"); | |
| **QUE BONITA INC.** (d/b/a "The Narrows"); | |
| **QUE BUENO INC.** (d/b/a "Old Stanley's Bar"); | |
| **MYRTLE VILLAGE LLC** (d/b/a "Birdy's"); | |
| **HART BAR INC.** (d/b/a "Hart Bar"); | |
| **ALL NIGHT SKATE INC.** | |
| (d/b/a "All Night Skate Inc."); | |
| **LYONS DEN POWER YOGA LLC** | |
| (d/b/a "Lyons Den Power Yoga"); | |
| **DENTHEREMIX LLC** | |
| (d/b/a "Lyons Den Power Yoga"); | |
| **HEAVY WOODS LLC** (d/b/a "Heavy Woods"); | |
| **WYCKOFF LLC** (d/b/a "Bonus Room"); | |
| **VAN VLACK STRENGTH AND CONDITIONING** | |
| **LLC**  (d/b/a "DiamondHeart/PCC"); | |
| **MUSKET HOSPITALITY LLC** | |
| (d/b/a "Musket Room"); | |
| **451 GRAHAM AVENUE CORP.** | |
| (d/b/a "The Richardson"); | |
| **VENUE TRIFECTA LLC** (d/b/a "The Gradient"); | |
| **URBAN MANNING LLC** (d/b/a "1080 Brew"); | |
| **YES STUDIO LLC** (d/b/a "The Yes Studio"); | |

**BABY COBRA COALITION LLC**
(d/b/a "The Cobra Club");
**WE ARE 138 LLC** (d/b/a "Sweet Jane's");
**GAYSEAHORSE INC.**
 (d/b/a "Olea Mediterranean Tavern");
**VANDERBERGEN INC.** (d/b/a "White Tiger");
**THE SAMPLER BK LLC**
(d/b/a "The Sampler");
**BIG HUMBLE LLC**
(d/b/a "191 Knickerbocker");
**SOUTH SKIPS INC.** (d/b/a "Little Skips South");
**146 BROADWAY ASSOCIATES LLC**
 (d/b/a "Babys All Right");
**JBDP STANTON CORP.** (d/b/a "Bonnie Vee");
**BABALU LLC** (d/b/a "Mamajuana Café Bronx");
**THE STEEL MILL LLC** (d/b/a "The Steel Mill");
**SALUD BAR & GRILL LLC**
(d/b/a "Salud Bar & Grill");
**MADE IN MEXICO CORP.**
(d/b/a "Made in Mexico Harlem");
**NOTHING BUT NET LLC**  (d/b/a "Marco's");
**LUDO INC.** (d/b/a "Paradise Lounge");
**SECRET PROJECT ROBOT GALLERY LLC**
(d/b/a "Wonderville");
**AURA COCINA & BAR INC.** (d/b/a "Aura");
**TYP LLC** (d/b/a "Old Timers");
**MOMO SUSHI INC.** (d/b/a "Momo Sushi Shack");
**303 CANARY CLUB LLC**
(d/b/a "Canary Club");
**SANTA SALSA LLC** (d/b/a "Santa Salsa");
**CAJUN PROJECT LLC** (d/b/a "OTB");
**GLO 718 CORP**
(d/b/a "Parq Sports and Grill");
**HELL'S BELLS LLC** (d/b/a "The Broadway");
**KETTLE PIE INC.** (d/b/a "Allswell");
**BAR BOLINAS INC.** (d/b/a "Bar Bolinas");
**NICEWONDER & ASSOCIATES LLC**
(d/b/a "Purgatory");
**LITTLE MO LLC** (d/b/a "Little Mo");
**SWEET BROOKLYN BAR LLC**
(d/b/a "Sweet Brooklyn Bar");
**LITTLE OUTPOST INC.** (d/b/a "Baby Skips");
**SKIPS COVERT CORP.**
(d/b/a "Little Skips East");
**HBAR HOLDING LLC**
(d/b/a "Bleu Fin Bar & Grill");

2

**FUEL PAX FOODS LLC** (d/b/a "Fuel Pax Foods");
**CASA RESTAURANT & LOUNGE INC.**
(d/b/a "Casa Restaurant & Lounge");
**RUBI 1909 CORP.**
(d/b/a "RubiRosa Restaurant Bar");
**M&J CATERING CORP** (d/b/a "M& J Catering");
**EMMA'S BAR AND GRILL CORP.**
 (d/b/a "Emma Bar and Grill");
**AVOCADOS MEXICAN GRILL INC.**
(d/b/a "Avocados Mexican Grill Restaurant");
**ESKINA 214 CORP**
(d/b/a "Café Tabaco y Ron");
**HLS RESTAURANT INC.**
(d/b/a "Travesias Restaurant");
**LPD RESTAURANT INC.**
(d/b/a "Cafe Colonial Restaurant"); and
**VANTAGE POINT HOSPITALITY LLC**;
**FULTON AND LOGAN RESTAURANT LLC**
(d/b/a "Gran Mar De Plata");
**MON AMOUR COFFEE WINE INC.**
(d/b/a "Mon Amour Coffee and Wine"),
**THE MAITE GROUP LLC**
 (d/b/a "Maite");
**YVES LLC** (d/b/a "Holy Ground");
**VIDA IN CHINA LLC** (d/b/a "Chinito Latino");
**BOCADITOS AND ESPRESSO BAR LLC**
(d/b/a "Bocaditos Bistro");
**EMPIRE LOUNGE & CAFE INC.**
(d/b/a "Reazon Cafe & Lounge");
**MONTEZUMA MEXICAN RESTAURANT INC.**
(d/b/a "Montezuma Mexican Restaurant");
**SUSHI VIDA INC.** (d/b/a "Mamasushi");
**VIDA CAFE INC.** (d/b/a "Mamajuana Cafe");
**HOPS 550 LLC** (d/b/a "Beer Street South");
**MORELIA MEXICAN RESTAURANT CORP.**
(d/b/a "Made In Mexico");
**SOL'S RESTAURANT INC.**
(d/b/a "ILsole Restaurant");
**MCSS RESTAURANT CORP.**
(d/b/a "Crossbay Diner");
**150-03 RESTAURANT CORP.** (d/b/a "Kandela");
**40-04 RESTAURANT & BAR CORP.**
(d/b/a "Spanglish");
**La Puerta del Sol Inc.** (d/b/a "La Puerta del Sol");

Plaintiffs,

-against -

**ANDREW CUOMO,** individually and in his official
capacity as Governor of the State of New York;
**STATE of NEW YORK; BILL de BLASIO**,
in his official capacity as Mayor of New York City;
and **THE CITY of NEW YORK,**

Defendants.

-------------------------------------------------------------------X

Plaintiffs, by their attorney, Kenneth E. Belkin, Esq., as and for their Complaint against

the Defendants, complain of the Defendants, upon information and belief as follows:

## PRELIMINARY STATEMENT

1.      On March 7th, 2020, a State of Emergency was declared by Defendant Cuomo.

The State and City of New York moved swiftly and enacted a series of Orders (the "Orders") in

response to the public health emergency presented by the global outbreak of COVID-19.  These

Orders were intended to address the threat that COVID-19 presented to New York's public health

infrastructure.  Defendant Cuomo stated that the Orders would be in place for "two weeks to flatten

the curve," in an attempt to prevent the spread of COVID-19 from overwhelming New York's

public health infrastructure.

2.      The Orders amounted to a governmental overreach in violation of both the United

States and New York State Constitutions and Federal Law.  Specifically, insofar as it has allowed

the Defendants, *inter alia,* to effect a regulatory taking without providing compensation, to

arbitrarily and unreasonably label businesses "Non Essential" and therefore impose draconian

restrictions on them and a failure to treat various sectors of society equally with respect to the

restrictions imposed by the Orders.

4

3.      While New Yorkers did their best to prepare for a period of restrictions, most did not anticipate, nor could they prepare for, the prolonged period of restrictions they have faced for the past ten (10) months.   The economic damages incurred by the citizens of New York City and State have been enormous due to the severe restraints on civil rights and liberties imposed by the Orders.   This economic pain has been most acutely felt by small businesses (and their employees), a collective of which have come together to form  the Plaintiffs herein.

4.      As noted by Supreme Court Justice Samuel Alito, in a speech to the Federalist Society this past November; "We have never before seen restrictions as severe, extensive and prolonged as those experienced for most of 2020...The covid crisis has served as sort of a constitutional stress test."[1] These unprecedented restraints on civil rights have resulted in the inability of whole industries -like the restaurant, bar and personal fitness industries- to function at a sustainable level or at all.

5..      In 2019, the restaurant industry in New York City, employed approximately 317,800 New Yorkers across 23,650 establishments and paid out over $10.7 billion dollars in wages to its employees.[2] The families of these approximately 317,800 employees comprise approximately 848,526 New Yorkers (the average household size in NYC being 2.67[3]) who are now being deprived of their income and are being forced to endure severe economic hardship due to the Orders.   Many of these households may never recover at all.   To these families, there is nothing "Nonessential" about the work they do in order to survive and support themselves.

---

[1] "Justice Alito says pandemic has resulted in 'unimaginable' restrictions on individual liberty" Barnes, Robert, November 12th, 2020, *The Washington Post* <https://www.washingtonpost.com/nation/2020/11/12/samuel-alito-federalist-society-speech/>
[2] "The Restaurant Industry in New York City: Tracking the Recovery" September, 2020, *Office of the New York State Comptroller* <https://www.osc.state.ny.us/files/reports/osdc/pdf/nyc-restaurant-industry-final.pdf>
[3] "Average Persons Per Household: New York City" 2017 Estimates based on 2010 Census, *Baruch College CUNY* <https://www.baruch.cuny.edu/nycdata/population-geography/avg_size_hhold.htm>

6..     This multi Plaintiff action challenges the constitutionality of Defendants' Orders to curb Plaintiffs' civil rights and liberties through the use of Executive Orders beginning on March 7th, 2020, with Executive Order No. 202 ("State of Emergency Order") and its eighty- seven (87) subsequent modifications through December 18th, 2020.  This action also seeks damages for both the current and lasting impact of the Orders.

7..     The Orders have suspended numerous sections of NY State law, federal law and protections under the U.S. Constitution, which protects New Yorkers' property, civil rights and liberties.  For example,  on March 22nd, 2020, via Executive Order No. 202.6 (the sixth such modification of the original State of Emergency Order) also known as the  "New York P.A.U.S.E." Order,  effectively closed most businesses in the City of New York, including those of Plaintiffs. The New York P.A.U.S.E. Order, which arbitrarily and without any hearing, labelled many businesses as "Non-Essential."   This label legally barred these businesses from operating across the State and City of New York.

8..     At varying points throughout the COVID 19 crisis, restrictions have been eased and imposed. This has resulted in an environment where the regulations were consistently changing with respect to the restrictions with which the Plaintiffs had to comply in order to legally operate. Most of the Plaintiffs' businesses were forced to rely on the changing regulations to retrofit their individual businesses so that they could operate in the existing  environment.  Plaintiffs expended tens, if not hundreds of thousands of dollars to do so, only to have the rules subsequently changed on them with new and even more arbitrary restrictions imposed.  This was done without taking into any consideration the costs incurred by the Plaintiffs or conducting a proceeding wherein the Plaintiffs could be heard with respect to their concerns.  This system by which the Orders have been routinely modified and Plaintiffs' businesses are left to play "catch up," which resulted in a

Kafkaesque nightmare that is untenable for Plaintiffs' businesses to operate within or to even survive.   The most recent assault on the civil rights of the Plaintiffs' occurred on December 11th, 2020 with Executive Order No. 202.81, which effective December 14th, 2020, suspended indoor dining in the Defendant City of New York.

9.      If Defendants' Orders are allowed to stand, Plaintiffs' rights will continue to be violated  under both the New York and U.S. Constitutions.  These Orders have already damaged and continue to damage Plaintiffs' businesses.  These Orders unconstitutionally place the economic burden and cost of this crisis on the backs of Plaintiffs' businesses that have been arbitrarily labelled "Non-Essential."  Many of these businesses have already suffered financially crippling losses, being forced to shutter their operations and conduct mass layoffs.

10.     Indeed, a great number of these Plaintiffs' "Non-Essential" businesses might never recover as a result of Defendants' Orders and may end up entirely out of business.  No business should be considered "Non Essential" if it affects the livelihoods of hundreds of thousands, if not millions, of New Yorkers.  No business that is responsible for feeding and clothing the family members of its workers and owners, in such great numbers, can be justly labelled "Non Essential." For the employees and owners of these businesses, to have their livelihoods labelled "Non Essential" is the height of arrogance.  It is without question *essential* for the Plaintiffs to be able to feed, clothe and house their families through the fruits of their labor.  Defendants have deprived Plaintiffs of their right to do so through the  enactment and enforcement of the Orders.  For the Plaintiffs, the stakes for relief from this Court could not be higher.   This is a matter of survival.

11.     Accordingly, this multi Plaintiff action challenges the constitutionality of Defendants' Orders, which have deprived Plaintiffs of numerous rights and liberties under both the U.S. and New York State Constitutions.  In doing so, Plaintiffs seek:

(1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders;

(2) declaratory relief from this Court in declaring that Defendants' Orders violate

Plaintiffs' civil rights under:

      (a) 42 U.S.C. Section 1983 of the Federal Civil Rights Act ;

      (b) the Due Process Clause of the 5th and 14th Amendments;

      (c) the Equal Protection Clause of the 5th and 14th Amendments;

      (d) the Takings Clause of the 5th Amendment;

      (e) Article 1 Section 6 of the New York State Constitution;

      (f) Article 1 Section  7(a) of the New York State Constitution; and

      (g) Article 1 Section 11  of the New York State Constitution;

(3) Both Compensatory and Punitive Damages, which were proximately caused by the

above and  herein plead violations of civil rights;

(4) attorney's fees and costs;  and

(5) for such other and further relief as the Court deems just and appropriate.

## JURISDICTION, VENUE, AND RELIEF

12.    The action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of

Plaintiffs' constitutional rights and to due process and equal protection rights under the Fifth and

Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has federal question

jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested

declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28

U.S.C. § 1343(a); and attorneys' fees and  costs under 42 U.S.C. § 1988.

13.    This Court has supplemental jurisdiction over the New York State constitutional

claims under 28 U.S.C. § 1367(a) as the claims are so related to the claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

14.     The Takings Clause of the U.S. Constitution is self-executing, requiring states to provide adequate, effective state court "takings" remedies notwithstanding any right to sovereign immunity such states might otherwise possess in other contexts.  However, New York law prevents Plaintiffs  from taking action against New York State in any State court.  Since New York State does not provide an adequate, effective state court "takings" remedy, sovereign immunity does not bar this suit, and this Court therefore has jurisdiction.

15.     The Southern District of New York is the appropriate venue for this action  pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the district in which the Defendants either maintain offices or do substantial official government work, exercise their authority in their official capacities, and will continue to enforce the Orders; and because a substantial part of the events giving rise to claims set forth in the Complaint have already and will occur in this district.

## JURY DEMAND

16.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES TO THE ACTION

## PLAINTIFFS

17.     Plaintiff Our Wicked Lady LLC (d/b/a "Our Wicked Lady"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Located in Williamsburg, Brooklyn in the City of New York.  Our Wicked Lady is a tavern that has been operating since July 8th, 2015 and had

approximately  fifteen  (15) employees, which were laid off due to Defendants' Orders  and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders.  Plaintiff Our Wicked Lady was forced to cease all operations of their business from March 15th through June 30th of 2020 and to partially cease operations of their business from July 1st, 2020  through the date of filing.  Plaintiff Our Wicked Lady estimates it has lost over $445,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Our Wicked Lady maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $10,000.

18.    Plaintiff Micado Brooklyn LLC (d/b/a/ "The Anchored Inn"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York (and is) Located in East Williamsburg, Brooklyn in the City of New York. The Anchored is a tavern that has been operating since February of 2011 and had approximately 15 employees, all of whom were laid off due to Defendants' Orders  and the various Defendant agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff The Anchored Inn was forced to cease all operations of their business from March 16th through  June 12th of 2020 and was  forced to cease operations of their business from December 7th of 2020,  through the date of filing.   Plaintiff The Anchored Inn estimates it has lost between $700,000  in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff The Anchored Inn maintains that it could have

safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

19.     Plaintiff Regulars LLC (d/b/a"Captain Dan's Good Time Tavern"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. (and is)Located in Bedford-Stuyvesant, Brooklyn in the City of New York.  Captain Dan's Good Time Tavern is a tavern that has been operating since February of 2017 and had approximately fifteen (15) employees, all of which were laid off due to Defendants' Orders  and the various Defendant agents of the City and State of  New York's execution and enforcement of these orders.  Plaintiff Captain Dan's Good Time Tavern was forced to cease all operations of their business from March 16th through June 6th of 2020 and was forced to cease operations of their business from November 25th of 2020,  through the date of filing. Plaintiff Captain Dan's Good Time Tavern estimates it has lost over $445,000 in revenue ,and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these Orders. Plaintiff Regulars LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $5,000.

20.     Plaintiff Happyfun Hideaway Inc., (d/b/a "Happyfun Hideaway"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York. Happyfun Hideaway Inc.  is a tavern that has been operating since February of 2013 and had twenty (20) employees, eleven (11) of which were laid off due to Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and

enforcement of these orders. Plaintiff Happyfun Hideaway Inc. was forced to cease all operations of their business from March 16th through June of 2020. Plaintiff Happyfun Hideaway Inc., estimates it has lost over $450,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Happyfun Hideaway Inc., maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $30,000.

21.     Plaintiff Flowers For All Occasions Inc. (d/b/a "Flowers for All Occasions"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York. Happyfun Hideaway Inc. is a cafe/bar that has been operating since August of 2015 and had fourteen (14) employees, all fourteen (14) of which were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Flowers For All Occasions Inc., was forced to permanently cease all operations of their business from March of 2020. Plaintiff Flowers For All Occasions Inc., estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Flowers For All Occasions Inc., maintains that it could have safely operated their business.

22.     Plaintiff Barnoth Group, LLC (d/b/a "Grey Lady"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in the Lower East Side, Manhattan in the City of New York. Grey Lady is a tavern that has been operating since April of 2012 and had

approximately thirty-five (35) employees, all of which were laid off due to Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Grey Lady was forced to cease all operations of their business from March 16th through May 13th of 2020, opening in a limited capacity from May 14, 2020 to December 13, 2020. when Grey Lady was forced to cease operations of their business from December 14th of 2020, through the date of filing. Plaintiff Grey Lady estimates it has lost over $3.5 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Grey Lady maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $50,000.

23.     Plaintiff 7 Cornelia Hospitality, LLC (d/b/a"Uncle Chop Chop"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Greenwich Village, Manhattan in the City of New York. 7 Cornelia Hospitality, LLC is a restaurant that has been operating since October of 2018 and had approximately seventeen (17) employees and twelve (12) were laid off due to Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff 7 Cornelia Hospitality, LLC has been forced to operate their business in a limited capacity since March 16th through the date of filing. Plaintiff 7 Cornelia Hospitality, LLC estimates it has lost over $600,000 in revenue ,and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff 7 Cornelia Hospitality, LLC maintains that it could have safely operated their business and even undertook

the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $65,000.

24.     Plaintiff Parkside Bar 278 LLC, (d/b/a "Palmetto"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York. Palmetto is a tavern that has been operating since July 18, 2018 and had approximately ten (10) employees, all of which were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Parkside Bar 278 LLC was forced to cease all operations of their business from March 15th through March 22nd and again from March 30th-April 23rd of 2020. Plaintiff Parkside Bar 278 LLC was forced to cease operations of their business from November 23rd of 2020,  through the date of filing. Plaintiff Parkside Bar 278 LLC estimates it has lost over $750,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff Parkside Bar 278 LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $7,000.

25.     Plaintiff One Stop Beer Shop LLC (d/b/a "One Stop Beer Shop"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in East Williamsburg, Brooklyn in the City of New York.  One Stop Beer Shop, LLC is a tavern that has been operating since December 27th, 2011 and had approximately ten (10) employees and all ten (10) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders.  Plaintiff One Stop Beer Shop, LLC was forced to

cease all operations of their business from March 16th through June 4th of 2020.  Plaintiff One Stop Beer Shop, LLC was forced to cease operations of their business from December 14, 2020, through the date of filing.  Plaintiff One Stop Beer Shop, LLC estimates it has lost over $235,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff One Stop Beer Shop, LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $22,500.

26.     Plaintiff Scottocasa Inc., (d/b/a "Scottocasa"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Harlem, Manhattan in the City of New York.  Scottocasa Inc., is a restaurant that has been operating since March 21, 2011 and had approximately sixteen (16) employees and ten (10) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders.  Plaintiff Scottocasa Inc., has been forced to operate their business in a limited capacity since March 16th 2020. Plaintiff Scottocasa Inc., estimates it has lost fifty-five percent (55%) of its revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Scottocasa Inc., maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $7,000.

27.     Plaintiff Modo Yoga NYC LLC (d/b/a "Modo"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Brooklyn and Manhattan in the City of New

York.  Plaintiff Modo Yoga NYC LLC is a yoga studio that has been operating since November of 2010 and had approximately  forty-five (45) employees and twenty-five (25) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Modo has been forced to cease all operations of their business since March 16, 2020, through the date of filing. Plaintiff Modo estimates it has lost over $3.2 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff Modo Yoga NYC LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $25,0000.

28.    Plaintiff 732 Townies Inc. (d/b/a "Twins Lounge"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Brooklyn, in the City of New York.  Plaintiff 732 Townies Inc. is a tavern that has been operating since 2019. Plaintiff 732 Townies Inc. had four (4) employees and all four (4) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Twins Lounge has been forced to cease all operations of their business since March of  2020, through the date of filing. Plaintiff 732 Townies Inc. estimates it has lost over $180,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff 732 Townies Inc. maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

29.     Plaintiff 417 Throop Bar LLC (d/b/a "The Coyote Club"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Brooklyn and Manhattan in the City of New York.   Plaintiff 417 Throop Bar LLC is a tavern that has been operating since 2019 and had approximately four (4) employees and all four (4) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders.   Plaintiff 417 Throop Bar LLC has been forced to cease all operations of their business since March of 2020, through the date of filing.   Plaintiff The Coyote Club estimates it has lost over $120,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders.   Plaintiff 417 Throop Bar LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $45,0000.

30.     Plaintiff 713 Bar Inc. (d/b/a "Carmelo's"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn, in the City of New York,  Plaintiff 713 Bar Inc. is a tavern that has been operating since 2017 and had approximately six (6) employees and six (6) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff 713 Bar Inc. has been forced to cease all operations of their business since March, 2020, through the date of filing. Plaintiff Carmelo's estimates it has lost over $280,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff 713 Bar Inc. maintains that it could have safely

operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $45,0000.

31.     Plaintiff Que Bonita Inc. (d/b/a "The Narrows"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York.  Plaintiff Que Bonita Inc. is a tavern that has been operating since 2010 and had approximately five (5) employees and five (5) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Que Bonita Inc. has been forced to cease all operations of their business since March of 2020, through the date of filing. Plaintiff Que Bonita Inc. estimates it has lost over $240,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders.  Plaintiff Que Bonita Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $45,0000.

32.     Plaintiff Que Bueno Inc. (d/b/a "Old Stanley's Bar"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York.   Plaintiff Que Bueno Inc. is a tavern that has been operating since 2014 and had approximately four (4) employees and four (4) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Que Bueno Inc. has been forced to cease all operations of their business since March of 2020, through the date of filing.  Plaintiff Que Bueno Inc. estimates it has lost over $280,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and

State of New York's execution and enforcement of the Orders. Plaintiff Que Bueno Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $45,0000.

33.     Plaintiff Myrtle Village LLC (d/b/a "Birdy's"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn in the City of New York. Plaintiff Myrtle Village LLC is a tavern that has been operating since 2015 and had approximately seven (7) employees, seven (7) of which were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Myrtle Village LLC was forced to cease all operations of their business from March of 2020 through the date of filing. Plaintiff Myrtle Village LLC estimates it has lost over $375,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Myrtle Village LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $45,000.

34.     Plaintiff Hart Bar Inc. (d/b/a "Hart Bar"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn, in the City of New York.  Plaintiff Hart Bar Inc. is a tavern that has been operating since November 17, 2017 and had approximately two (2) employees and zero (0) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Hart Bar Inc. was forced to cease all operations of their business since March 15, 2020, through December 18, 2020.

Plaintiff  Hart Bar Inc. estimates it has lost over $270,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Hart Bar Inc.  maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $30,0000.

35.     Plaintiff All Night Skate Inc. (d/b/a "All Night Skate Inc."), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York and is located in Brooklyn, in the City of New York.  All Night Skate is a tavern that has been operating since May 14, 2019 and had zero (0) employees and zero (0) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff All Night Skate Inc. were forced to cease all operations of their business from February 1, 2020 through August 5, 2020. Plaintiff All Night Skate Inc. estimates it has lost over $300,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff All Night Skate Inc. maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $4,0000.

36.     Plaintiff Lyons Den Power Yoga LLC (d/b/a "Lyons Den Power Yoga"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Manhattan in the City of New York.  Lyons Den Power Yoga LLC is a yoga studio that has been operating since November 13, 2013 and had approximately fourteen (14) employees and twelve (12) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's

execution and enforcement of the Orders. Plaintiff Lyons Den Power Yoga LLC has been forced to cease all operations of their business since March 15, 2020, through the date of filing. Plaintiff Lyons Den Power Yoga LLC estimates it has lost over $950,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders.  Plaintiff Lyons Den Power Yoga LLC maintains that it could have safely operated their business.

37.     Plaintiff Dentheremix LLC (d/b/a "Lyons Den Power Yoga"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Manhattan in the City of New York. Plaintiff Dentheremix LLC is a yoga studio that has been operating since July 7, 2016 and had approximately  four (4) employees and four (4) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Dentheremix LLC has been forced to cease all operations of their business since March 15, 2020, through the date of filing. Plaintiff Dentheremix LLC estimates it has lost over $440,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff Dentheremix LLC maintains that it could have safely operated their business.

38.     Plaintiff Heavy Woods LLC (d/b/a "Heavy Woods"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn, in the City of New York. Plaintiff Heavy Woods LLC is a tavern that has been operating since August of 2012 and had seventeen (17) employees and fourteen (14) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the

Orders. Plaintiff Heavy Woods LLC were forced to temporarily cease operations of their business since March 16th through the date of filing. Plaintiff Heavy Woods LLC estimates it has lost over $270,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Heavy Woods LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $40,000.

39.     Plaintiff Wyckoff LLC (d/b/a "Bonus Room"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn, in the City of New York. Plaintiff Wyckoff LLC is a tavern that has been operating since December of 2015 and had ten (10) employees and ten (10) were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Wyckoff LLC were forced to temporarily cease operations of their business since March 16th through the date of filing. Plaintiff Wyckoff LLC estimates it has lost over $275,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Wyckoff LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $20,000.

40.     Plaintiff Van Vlack Strength and Conditioning LLC (d/b/a "DiamondHeart/PCC"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn,

in the City of New York.  Plaintiff Van Vlack Strength and Conditioning LLC is a martial arts school that has been operating since 2015 and had one (1) employee (single member LLC) and independently contracted coached who were laid off because of  Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Van Vlack Strength and Conditioning LLC were forced to cease all operations of their business since March 16th through the date of filing. Plaintiff Van Vlack Strength and Conditioning LLC estimates it has lost over $35,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Van Vlack Strength and Conditioning LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $15,000.

41.     Plaintiff  Musket Hospitality LLC (d/b/a "Musket Room"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York and is located in Bushwick, Brooklyn, in the City of New York.  Plaintiff  Musket Hospitality LLC is a tavern that has been operating since June 3, 2013 and had thirty-two (32) employees.  All thirty-two (32) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Musket Hospitality LLC were forced to close portions of their business since March 16th through the date of filing. Plaintiff Musket Hospitality LLC estimates it has lost over $1,800,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Musket Hospitality LLC maintains that

it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $15,000.

42.     Plaintiff 451 Graham Avenue Corp. (d/b/a "The Richardson"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. The Richardson is a tavern located in Williamsburg, Brooklyn, in the City of New York and it has been operating since October 1, 2007 and had eleven (11) employees. All eleven (11) employees were laid off due to Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 451 Graham Avenue Corp. was forced to cease operations of their business since March 16th through the date of filing. Plaintiff 451 Graham Avenue Corp. estimates it has lost over $450,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff 451 Graham Avenue Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $15,000.

43.     Plaintiff Venue Trifecta LLC (d/b/a "The Gradient"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. The Gradient is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since May 1, 2019 and had fifteen (15) employees and fifteen (15) employees were forced to be laid off because of  Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Venue Trifecta LLC was forced to temporarily cease operation of their business from April through May of 2020 and permanently cease all operations on December 13, 2020, through

the date of filing. Plaintiff Venue Trifecta LLC estimates it has lost over $600,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Venue Trifecta LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $60,000.

44.     Plaintiff Urban Manning LLC (d/b/a "1080 Brew"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. 1080 Brew is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since November 1, 2015 and had six (6) employees and six (6) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Venue Trifecta LLCwere forced to temporarily cease operation of their business from April 1, 2020 through July 5, 2020 and were forced to permanently cease all operations on September 15th, 2020. Plaintiff Urban Manning LLC estimates it has lost over $149,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Urban Manning LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $20,000.

45.     Plaintiff Yes Studio LLC (d/b/a "The Yes Studio"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Plaintiff Yes Studio LLC is a yoga studio located in Bushwick,

Brooklyn, in the City of New York and it has been operating since February 1, 2017.  Plaintiff Yes Studio LLC had thirty (30) teachers independently contracted and thirty (30) teachers independently contracted were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Yes Studio LLC were forced to permanently cease operation of their business on October 1, 2020. Plaintiff Yes Studio LLC estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of theOrders. Plaintiff Yes Studio LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $10,000.

   46. Plaintiff Baby Cobra Coalition LLC (d/b/a "The Cobra Club"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. The Cobra Club is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since June 13, 2012 and had thirteen (13) employees and thirteen (13) employees were forced to be laid off because of  Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Baby Cobra Coalition LLC was forced to temporarily cease operation of their business from March 16, 2020 through July 31, 2020 and permanently cease operations on December 14, 2020, through the date of filing.  Plaintiff Baby Cobra Coalition LLC estimates it has lost over $438,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Baby Cobra Coalition LLC maintains that it could have

safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $29,000.

47.     Plaintiff We Are 138 LLC (d/b/a "Sweet Jane's"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Sweet Jane's is a tavern located in Ridgewood, Queens, in the City of New York and it has been operating since April 13, 2016 and had two (2) employees and two (2) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff We Are 138 LLC were forced to cease operation of their business from March 16, 2020 through the date of filing. Plaintiff We Are 138 LLC estimates it has lost over $185,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff We Are 138 LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $0.

48.     Plaintiff Gayseahorse Inc. (d/b/a "Olea Mediterranean Tavern"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Olea Mediterranean Taverna is a restaurant located in Manhattan, in the City of New York and it has been operating since September 1, 2005 and had thirty-three (33) employees and eighteen (18) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Gayseahorse Inc. were forced to cease operation of their business from March 16, 2020 through May 4th, 2020. Plaintiff Gayseahorse Inc. estimates

it has lost over $1.3 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Gayseahorse Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $35,000.

49.     Plaintiff Vanderbergen Inc. (d/b/a "White Tiger"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. White Tiger is a tavern located in Manhattan, in the City of New York and it has been operating since September 1, 2005 and had fourteen employees (14) employees and seven (7) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Vanderbergen Inc. were forced to cease operation of their business from December 14, 2020 through the date of filing. Plaintiff Vanderbergen Inc. estimates it has lost over $756,000  in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Vanderbergen Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

50.     Plaintiff The Sampler BK LLC (d/b/a "The Sampler"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. The Sampler is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since July 27, 2017 and had five (5) employees and five (5) employees were forced to be laid off because of  Defendants' Orders and the various

Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff The Sampler BK LLC were forced to cease operations of their business on December 19, 2020 through the date of filing. Plaintiff The Sampler BK LLC estimates it has lost over $200,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff The Sampler BK LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $20,000.

51.     Plaintiff Big Humble LLC (d/b/a "191 Knickerbocker"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Plaintiff Big Humble LLC is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since April of 2017 and had four (4) employees and four (4) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Big Humble LLC were forced to cease operation of their business from March of 2020 through the date of filing. Plaintiff Big Humble LLC  estimates it has lost over $240,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Big Humble LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $0.

52.     Plaintiff South Skips Inc. (d/b/a "Little Skips South"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the

State of New York. Little Skips South is a tavern located in Manhattan, in the City of New York and it has been operating since March 7, 2020 with six (6) employees and two (2) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff South Skips Inc. were forced to temporarily cease operation of their business from March 15, 2020 through June 3, 2020 and was forced to permanently cease operations as of date of filing.  Plaintiff South Skips Inc. estimates it has lost over $75,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff South Skips Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $2,000.

53.     Plaintiff 146 Broadway Associates LLC (d/b/a "Baby's All Right"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Babys All Right is a tavern located in Williamsburg, Brooklyn, in the City of New York and it has been operating since October of 2013 with sixty (60) employees and fifty-nine (59) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 146 Broadway Associates LLC have been forced to cease all operations of their business from March 11, 2020 through the date of filing. Plaintiff 146 Broadway Associates LLC estimates it has lost over $2.6 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff 146 Broadway Associates LLC maintains that it could have safely operated their business.

54.     Plaintiff JBDP Stanton Corp. (d/b/a "Bonnie Vee"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York, located in Manhattan, in the City of New York.  Bonnie Vee is a tavern that has been operating since November of 2013 and had ten (10) employees and eight (8) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff JBDP Stanton Corp. were forced to cease operation of their business in March of 2020, opening briefly in November and soon after closed and have been closed through the date of filing.  Plaintiff JBDP Stanton Corp. estimates it has lost over $600,000 in revenue and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff JBDP Stanton Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $8,000.

55.     Plaintiff Babalu LLC (d/b/a "Mamajuana Café Bronx"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Mamajuana Café Bronx is a restaurant located in the Bronx, in the City of New York, it has been operating since August 1, 2011 and had forty-five (45) employees and forty (40) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Babalu LLC have been forced to cease  operations of their business from March 20, 2020 through the date of filing. Plaintiff Babalu LLC estimates it has lost over $950,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders.

Plaintiff Babalu LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $85,000.

56.     Plaintiff The Steel Mill LLC (d/b/a "The Steel Mill"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. The Steel Mill is a tavern located in Bushwick, Brooklyn in the City of New York, it has been operating since November 14, 2019 and had three (3) employees and three (3) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff The Steel Mill LLC was forced to cease operations of their business on March 16, 2020 for three (3) months and again on December 13, 2020 through the date of filing. Plaintiff The Steel Mill LLC estimates it has lost over $80,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff The Steel Mill LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

57.     Plaintiff Salud Bar & Grill LLC (d/b/a "Salud Bar & Grill"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Salud Bar & Grill is a tavern located in Bushwick, Brooklyn in the City of New York, it has been operating since November 1, 2015 and had ten (10) employees and ten (10) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Salud Bar & Grill LLC was forced to cease operations of their business on

March 19, 2020 for three (3) months and again on December 27, 2020 through the date of filing. Plaintiff Salud Bar & Grill LLC estimates it has lost over $150,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Salud Bar & Grill LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $20,000.

58.     Plaintiff Made in Mexico Corp. (d/b/a "Made in Mexico Harlem"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York, located in Harlem, Manhattan in the City of New York. Plaintiff Made in Mexico Corp. is a restaurant that has been operating since September of 2017 and had nineteen (19) employees and sixteen (16) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Made in Mexico Corp. were forced to cease operations of their business from March of 2020 to June of 2020. Plaintiff Made in Mexico Corp. estimates it has lost over $190,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Made in Mexico Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $20,000.

59.     Plaintiff Nothing But Net LLC  (d/b/a "Marco's"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Marco's is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since April 5, 2017 and had twelve (12) employees and

twelve (12) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Nothing But Net LLC were forced to cease operations of their business on March 16, 2020, September 7, 2020 and December 19, 2020 through the date of filing. Plaintiff Nothing But Net LLC estimates it has lost over $650,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Nothing But Net LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

60.     Plaintiff Ludo Inc. (d/b/a "Paradise Lounge"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Paradise Lounge is a tavern located in Ridgewood, Queens, in the City of New York and it has been operating since June of 2018 and had twelve (12) employees and twelve (12) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Ludo Inc. were forced to permanently cease operations of their business on December 19, 2020 through the date of filing. Plaintiff Ludo Inc. estimates it has lost over $450,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and the enforcement of the Orders. Plaintiff Ludo Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $70,000.

61.     Plaintiff Secret Project Robot Gallery LLC (d/b/a "Wonderville"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business

and doing business in the State of New York. Wonderville is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since May 1, 2019 and had ten (10) employees and seven (7) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Secret Project Robot Gallerywere forced to cease operations of their business from March 15, 2020 to June 1, 2020 and again on December 14, 2020 through the date of filing. Plaintiff Secret Project Robot Gallery LLC estimates it has lost over $100,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Secret Project Robot Gallery LLC maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

62.     Plaintiff Aura Cocina & Bar Inc. (d/b/a "Aura"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Aura is a tavern located in East Williamsburg, Brooklyn, in the City of New York and it has been operating since March of 2020 and had eight (8) employees and eight (8) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Aura Cocina & Bar Inc. were forced to cease operations of their business March of 2020 until May of 2020 and again on December 14, 2020 through the date of filing.  Plaintiff Aura Cocina & Bar Inc. estimates it has lost over $569,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Aura Cocina & Bar Inc. maintains that it could have safely

operated their business and even undertook the expense of retrofitting their business to comply with  Defendants' Orders, which cost approximately $10,500.

63.     Plaintiff TYP LLC (d/b/a "Old Timers"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Old Timers is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since June 21, 2018 and had eleven (11) employees and eleven (11) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff TYP LLC was forced to cease all operations of their business on March 17, 2020 to June 13, 2020 and again on December 14, 2020  through the date of filing. Plaintiff TYP LLC estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff TYP LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $15,000.

64.     Plaintiff Momo Sushi Inc. (d/b/a "Momo Sushi Shack"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Plaintiff Momo Sushi Inc. is restaurant located in Williamsburg, Brooklyn, in the City of New York and it has been operating since 2009 and had ten (10) employees and ten (10) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Momo Sushi Inc. was forced to significantly restrict the operations of their business since March of 2020 through the date of filing. Plaintiff Momo Sushi Inc.estimates it has lost over

$1,000,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Momo Sushi Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

65.    Plaintiff 303 Canary Club LLC (d/b/a "Canary Club"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Canary Club is a tavern located in Manhattan, in the City of New York and it has been operating since October 1, 2019 and had twenty-four (24) employees and twenty-four (24) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 303 Canary Club LLC were forced to cease operations of their business on March 15, 2020 through the date of filing. Plaintiff 303 Canary Club LLC estimates it has lost over $1.8 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 303 Canary Club LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $40,000.

66.    Plaintiff Santa Salsa LLC (d/b/a "Santa Salsa"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Santa Salsa is a restaurant located in Bushwick, Brooklyn, in the City of New York and it has been operating since January 9, 2018 and had ten (10) employees and ten (10) employees were forced to be laid off because of Defendants' Orders and the various

Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Santa Salsa LLC were forced to cease operations of their business from March 15, 2020 to May 15, 2020. Plaintiff Santa Salsa LLC estimates it has lost over $328,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Santa Salsa LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $50,000.

67. Plaintiff Cajun Project LLC (d/b/a "OTB"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. OTB is a tavern located in Williamsburg, Brooklyn, in the City of New York and it has been operating since August 1, 2012 and had eleven (11) employees and eight (8) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Cajun Project LLC were forced to cease operations of their business from March of 2020 through the date of filing. Plaintiff Cajun Project LLC estimates it has lost over $420,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Cajun Project LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $8,000.

68. Plaintiff Glo 718 Corp (d/b/a "Parq Sports and Grill"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. Parq Sports and Grill is a tavern located in The Bronx, in the City of New

York and it has been operating since October 16, 2018  and had ten (10) employees and six (6) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Glo 718 Corp were forced to cease operations of their business from March 7, 2020 through the date of filing. Plaintiff Glo 718 Corp estimates it has lost over $400,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Glo 718 Corp maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $27,000.

69.     Plaintiff Hell's Bells LLC (d/b/a "The Broadway"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Plaintiff Hell's Bells LLC is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since May 16, 2019 and had thirty-one (31) employees and twenty-nine (29) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Hell's Bells LLC were forced to cease operations of their business from March 15, 2020 to June 20, 2020 when they opened temporarily until July 20, 2020 and remain closed through the date of filing.  Plaintiff Hell's Bells LLC estimates it has lost over $420,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Hell's Bells LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $20,000.

70.     Plaintiff Kettle Pie Inc. (d/b/a "Allswell"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York.  Plaintiff Kettle Pie Inc.  is a tavern located in Williamsburg, Brooklyn, in the City of New York and it has been operating since 2011 and had thirty-seven (37) employees and thirty-seven (37) employees were forced to be laid off because of  Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Kettle Pie Inc. were forced to cease operations of their business on March 20th, 2020 through the date of filing. Plaintiff Kettle Pie Inc. estimates it has lost over $503,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Kettle Pie Inc. maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $35,000.

71.     Plaintiff Bar Bolinas Inc. (d/b/a "Bar Bolinas"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Bar Bolinas is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since 2014 and had seventeen (17) employees and seventeen (17) employees were forced to be laid off because of  Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Bar Bolinas Inc. were forced to cease operations of their business on March 20th, 2020 through the date of filing. Plaintiff Bar Bolinas Inc. estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders. Plaintiff Bar Bolinas Inc. maintains that it could

have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $35,000.

72.     Plaintiff Nicewonder & Associates LLC (d/b/a "Purgatory"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York.  Purgatory is a tavern located in Bushwick, Brooklyn, in the City of New York and it has been operating since January 28, 2019 and had five (5) employees and five (5) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Nicewonder & Associates LLC were forced to cease operations of their business from March 24, 2020 to July 27, 2020 and again on December 18, 2020 through the date of filing. Plaintiff Nicewonder & Associates LLC estimates it has lost over $100,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Nicewonder & Associates LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $20,000.

73.     Plaintiff Little Mo LLC (d/b/a "Little Mo"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Little Mo is a restaurant located in Bushwick, Brooklyn, in the City of New York and it has been operating since November 20, 2014 and had eighteen (18) employees and five (5) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Little Mo LLC were forced to cease operations of their business from March 15, 2020 to

May 15, 2020 and opened at a reduced capacity and for take out only, through the date of filing.

Plaintiff Little Mo LLC estimates it has lost over $660,000 in revenue, and continues to lose more

everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New

York's execution and enforcement of the Orders. Plaintiff Little Mo LLC maintains that it could

have safely operated their business and even undertook the expense of retrofitting their business

to comply with Defendants' Orders, which cost approximately $5,000.

74.     Plaintiff Sweet Brooklyn Bar LLC (d/b/a "Sweet Brooklyn Bar"), at all relevant

times, is and was a New York Limited Liability Company, organized and authorized to do business

and doing business in the State of New York. Sweet Brooklyn Bar is a tavern located in Crown

Heights, Brooklyn, in the City of New York and it has been operating since May 23, 2016 and had

twenty (20) employees and sixteen (16) employees were forced to be laid off because of

Defendants' Orders and the various Defendant agents of the City and State of New York's

execution and enforcement of the Orders. Plaintiff Sweet Brooklyn Bar LLC were forced to cease

operations of their business on December 19, 2020 through the date of filing. Plaintiff Sweet

Brooklyn Bar LLC estimates it has lost over $600,000 in revenue, and continues to lose more

everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New

York's execution and enforcement of these orders. Plaintiff Sweet Brooklyn Bar LLC maintains

that it could have safely operated their business and even undertook the expense of retrofitting

their business to comply with Defendants' Orders, which cost approximately $25,000.

75.     Plaintiff Little Outpost Inc. (d/b/a "Baby Skips"), at all relevant times, is and was a

New York Corporation, organized and authorized to do business and doing business in the State

of New York. Baby Skips is a cafe located in Bushwick, Brooklyn, in the City of New York and

it has been operating since November 5, 2014 and had ten (10) employees and four (4) employees

were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Little Outpost Inc. were forced to cease operations of their business from March 15, 2020 to June 1, 2020. Plaintiff Little Outpost Inc. estimates it has lost over $350,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Little Outpost Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $2,000.

76.     Plaintiff Skips Covert Corp. (d/b/a "Little Skips East"), at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York.  Little Skips East is a cafe located in Bushwick, Brooklyn, in the City of New York and it has been operating since June 29, 2017 and had fourteen (14) employees and six (6) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Skips Covert Corp. were forced to cease operations of their business from March 15, 2020 to June 1, 2020. Plaintiff Skips Covert Corp. estimates it has lost over $475,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Skips Covert Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $2,000.

77.     Plaintiff Hbar Holding LLC (d/b/a "Bleu Fin Bar & Grill"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Bleu Fin Bar & Grill is a restaurant located in Crown

Heights, Brooklyn, in the City of New York and it has been operating since December 23, 2019 and had five (8) employees and five (5) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Hbar Holding LLC were forced to cease operations of their business from March 20, 2020 to June 15, 2020 and again on December 10, 2020 through the date of filing.  Plaintiff Hbar Holding LLC  estimates it has lost over $150,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Hbar Holding LLC  maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $65,000.

78.     Plaintiff Fuel Pax Foods LLC (d/b/a "Fuel Pax Foods"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Fuel Pax Foods is a restaurant located in Bushwick, Brooklyn, in the City of New York and it has been operating since March 24, 2019 and had four (4) employees and four (4) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Fuel Pax Foods LLC were forced to cease operations of their business on March 25, 2020 through the date of filing.  Plaintiff Fuel Pax Foods LLC estimates it has lost over $90,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders.

79.     Plaintiff Casa Restaurant & Lounge Inc. (d/b/a "Casa Restaurant & Lounge"), at all relevant times, is and was a New York Casa Restaurant & Lounge, organized and authorized to do

business and doing business in the State of New York. Casa Restaurant & Lounge is a restaurant located in The Bronx, in the City of New York and it has been operating since November 18, 2015 and had five (5) employees and five (5) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Casa Restaurant & Lounge Inc. were forced to cease operations of their business on March 15, 2020 to May 15, 2020 and again on December 19, 2020 through the date of filing. Plaintiff Casa Restaurant & Lounge Inc. estimates it has lost over $300,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Casa Restaurant & Lounge Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendant's Issued Guidelines, which cost approximately $6,000.

80. Plaintiff Rubi 1909 Corp. (d/b/a "RubiRosa Restaurant Bar"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. RubiRosa Restaurant Bar is a restaurant located in Manhattan, in the City of New York and it has been operating since 2010 and had seven (7) employees and five (5) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Rubi 1909 Corp. were forced to cease operations of their business in June of 2020, through the date of filing. Rubi 1909 Corp. estimates it has lost over $480,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders.

81.     Plaintiff M&J Catering Corp (d/b/a "M& J Catering"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. M&J Catering is a catering hall located in The Bronx,in the City of New York and it has been operating since 2017 and had four (4) employees and four (4) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff M&J Catering Corp were forced to cease operations of their business since March of 2020, through the date of filing. Plaintiff M&J Catering Corp estimates it has lost over $367,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders.

82.     Plaintiff Ema Bar and Grill Corp (d/b/a "Emma Bar and Grill"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. M&J Catering is a catering hall located in The Bronx,in the City of New York and it has been operating since 2019 and had ten (10) employees and ten (10) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff M&J Catering Corp were forced to cease operations of their business since March of 2020, through the date of filing. Plaintiff Ema Bar and Grill Corp estimates it has lost over $350,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders.

83.     Plaintiff Avocados Mexican Grill Inc. (d/b/a "Avocados Mexican Grill Restaurant"), at all relevant times, is and was a New York incorporated company, organized and

authorized to do business and doing business in the State of New York. Avocados Mexican Grill Restaurant is a  restaurant located in Brooklyn, in the City of New York and it has been operating since 2019 and had three (3) employees and zero (0) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Avocados Mexican Grill Inc. were forced to cease operations of their business since March of 2020, through the date of filing. Plaintiff Avocados Mexican Grill Inc.estimates it has lost over $200,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of these orders.

84.     Plaintiff Eskina 214 Corp (d/b/a "Cafe Tabaco y Ron"), at all relevant times, is and was a New York corporation, organized and authorized to do business and doing business in the State of New York. Cafe Tabaco y Ron is a  restaurant located in Upper Manhattan,in the City of New York and it has been operating since February of 2009 and had twenty-five (25) employees and eleven (11) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Eskina 214 Corp were forced to cease operations of their business from March 16, 2020 to July 18, 2020 and again on December 14, 2020, through the date of filing. Plaintiff Eskina 214 Corp estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff Eskina 214 Corp maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendant's Issued Guidelines, which cost approximately $30,000.

85.     Plaintiff HLS Restaurant Inc. (d/b/a "Travesias Restaurant"), at all relevant times, is and was a New York incorporated company, organized and authorized to do business and doing business in the State of New York. Travesias Restaurant is a  restaurant located in The Bronx, in the City of New York and it has been operating since January 1, 2020 and had eight (8) employees and four (4) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff HLS Restaurant Inc. were forced to cease operations of their business from December 12, 2020, through the date of filing. Plaintiff HLS Restaurant Inc. estimates it has lost over $206,280 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of these orders. Plaintiff HLS Restaurant Inc. maintains that it could have safely operated their business and even undertook the  expense of retrofitting their business to comply with Defendant's Issued Guidelines, which cost approximately $35,446.

86.     Plaintiff LPD Restaurant Inc. (d/b/a "Cafe Colonial Restaurant"), at all relevant times, is and was a New York incorporated company, organized and authorized to do business and doing business in the State of New York. Cafe Colonial Restaurant is a restaurant located in The Bronx, in the City of New York and it has been operating since October 4, 2008 and had twenty-one (21) employees and seven (7) employees were forced to be laid off because of Defendant Governor Cuomo's Orders and the various Defendant agents of the City and State of New York's execution and enforcement of these orders. Plaintiff LPD Restaurant Inc. were forced to cease operations of their business from December 14, 2020, through the date of filing. Plaintiff LPD Restaurant Inc. estimates it has lost over $131,589 in revenue, and continues to lose more everyday, due to Defendant Governor Cuomo's Orders and the other Defendant Agents of the City

and State of New York's execution and enforcement of these orders. Plaintiff LPD Restaurant Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendant's Issued Guidelines, which cost approximately $47,798.

87.     Plaintiff AJ Classic Cafe & Grill Inc. (d/b/a "Angie's Breakfast Spot"), at all relevant times, is and was a New York incorporated company, organized and authorized to do business and doing business in the State of New York. Angie's Breakfast Spot is a restaurant located in Bushwick, Brooklyn, in the City of New York and it has been operating since January 9, 2018 and had seventeen (17) employees and eleven (11) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff AJ Classic Cafe & Grill Inc. were forced to fully cease operations of their business on March 20, 2020 for a month. Plaintiff AJ Classic Cafe & Grill Inc. estimates it has lost over $6,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff AJ Classic Cafe & Grill Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $12,000.

88.     Plaintiff Vantage Point Hospitality LLC is a parent company which manages, operates and owns Biblio Inc. d/b/a "Midnights"; Dolly's Swing and Dive LLC d/b/a "Dolly's Swing and Dive"; Honnore Club LLC d/b/a "Honnore Club"; Motel 23 LLC d/b/a "Motel 23"; Biblio Inc.  d/b/a "MIDNIGHTS (at The Springs)"; Clo Cruz Inc.  d/b/a "Claudia's"; Clo Cruz Inc. d/b/a "Claudia's (at Evil Twins Brewery)";  Clo Cafe LLC d/b/a "Clo Cafe"; Elêva Coffee Grand St LLC d/b/a "Eleva Coffee Grand St."; Portenasbk LLC d/b/a "Mercadito Eleva and

Portenas Lorimer"; Elêva Coffee GPL LLC d/b/a "Eleva Coffee GPL"; Elêva Coffee Delancy LLC d/b/a "Eleva Coffee LES"; Elêva Coffee Nth 8th St LLC d/b/a "Eleva Coffee North 8th St." Plaintiff Vantage Point Hospitality LLC at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Plaintiff Vantage Point Hospitality LLC manages thirteen individual in the City of New York and it has been operating since 2012 and had one hundred seventeen (117) employees and one hundred six (106) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Vantage Point Hospitality LLC were forced to cease operations of their business in March of 2020 through the date of filing.  Plaintiff Vantage Point Hospitality LLC estimates it has lost over $10.3 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Vantage Point Hospitality LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $119,000.

89.     Plaintiff Fulton and Logan Restaurant LLC (d/b/a "Gran Mar De Plata"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Gran Mar De Plata is a restaurant located in Brooklyn, in the City of New York and it has been operating since August of 1995 and had fifty-six (56) employees and forty (40) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Fulton and Logan Restaurant LLC were forced to fully cease operations of their business on March 20, 2020 for a month. Plaintiff Fulton and Logan Restaurant

LLC estimates it has lost over $400,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Fulton and Logan Restaurant LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $45,000.

90.     Plaintiff Mon Amour Coffee Wine Inc. (d/b/a "Mon Amour Coffee and Wine"), at all relevant times, is and was a New York incorporated company, organized and authorized to do business and doing business in the State of New York. Mon Amour Cafe and Wine is a restaurant located in Upper Manhattan, in the City of New York and it has been operating since June of 2015 and had eight (8) employees and two (2) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Mon Amour Coffee and Wine Inc. were forced to cease operations of their business from March of 2020 to May of 2020.  Plaintiff Mon Amour Coffee and Wine Inc. estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders.  Plaintiff Mon Amour Coffee and Wine Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $5,000.

91.     Plaintiff The Maite Group LLC. (d/b/a "Maite"), at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Maite is a tavern located in Bushwick, Brooklyn,  in the City of New York and it has been operating since June of 2014 and had five (5) employees and five (5) employees were forced to be laid off because of Defendants' Orders and the various Defendant

agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff The Maite Group LLC. were forced to completely cease operations of their business from December 2, 2020 through the date of filing.  Plaintiff The Maite Group LLC. estimates it has lost over $180,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders.  Plaintiff The Maite Group LLC. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $20,000.

92.     Plaintiff Yves LLC. (d/b/a "Holy Ground") at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Holy Ground is a tavern located in lower Manhattan, in the City of New York and it has been operating since July 17, 2018 and had twenty (20) employees and twenty (20) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Yves LLC. were forced to completely cease operations of their business from December 2, 2020 through the date of filing.  Plaintiff Yves LLC. estimates it has lost over $943,221 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders.

93.     Plaintiff Vida in China LLC (d/b/a "Chinito Latino") at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Chinito Latino is a restaurant located in Upper Manhattan, in the City of New York and it has been operating since September 2018 and had twenty (20) employees and fifteen (15) employees were forced to be laid off because of Defendants' Orders

and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Vida in China LLC were forced to completely cease operations of their business from March 15, 2020 through June 24, 2020.  Plaintiff Vida in China LLC estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Vida in China LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

94.    Plaintiff Bocaditos and Espresso Bar LLC (d/b/a "Bocaditos Bistro") at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Bocaditos Bistro is a restaurant located in Upper Manhattan, in the City of New York and it has been operating since September of 2017 and had fifteen (15) employees and ten (10) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Bocaditos and Espresso Bar LLC were forced to completely cease operations of their business from March 15, 2020 through June 24, 2020.  Plaintiff Bocaditos and Espresso Bar LLC estimates it has lost over $250,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Bocaditos and Espresso Bar LLC maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.

95.    Plaintiff Empire Lounge & Cafe Inc. (d/b/a "Reazon Cafe & Lounge") at all relevant times, is and was a New York Limited Liability Company, organized and authorized to

do business and doing business in the State of New York. Reazon Cafe & Lounge is a restaurant located in Upper Manhattan, in the City of New York and it has been operating since March of 2016 and had four (4) employees and three (3) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Empire Lounge & Cafe Inc. were forced to completely cease operations of their business from March 6, 2020 through July 20, 2020 and again from October 8, 2020 until November 9, 2020.  Plaintiff Empire Lounge & Cafe Inc. estimates it has lost over $220,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Empire Lounge & Cafe Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $46,000.

96.     Plaintiff Montezuma Mexican Restaurant Inc. (d/b/a "Montezuma Mexican Restaurant") at all relevant times, is and was a New York Incorporated Company, organized and authorized to do business and doing business in the State of New York. Montezuma Mexican Restaurant is a restaurant in the Bronx, in the City of New York and it has been operating since August of 1996 and had thirty-one (31) employees and twelve (12) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Montezuma Mexican Restaurant Inc. was forced to completely cease operations of their business from March 19, 2020 until June of 2020, then again from December 23, 2020 until January 1, 2021 and once more from January 11, 2021 through January 20, 2021.  Plaintiff Montezuma Mexican Restaurant Inc. estimates it has lost over $1,070,420 in revenue, and continues to lose more everyday, due to Defendants' Orders

and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Montezuma Mexican Restaurant Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $175,000.

97.     Plaintiff Sushi Vida Inc. (d/b/a "Mamasushi") at all relevant times, is and was a New York Incorporated Company, organized and authorized to do business and doing business in the State of New York. Mamasushi is a restaurant in Upper Manhattan, in the City of New York and it has been operating since December of 2008 and had fifty-five (55) employees and forty-five (45) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Sushi Vida Inc. was forced to completely cease operations of their business from March 15, 2020 until June 24, 2020.  Plaintiff Sushi Vida Inc.. estimates it has lost over $950,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Sushi Vida Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $40,000.

98.     Plaintiff Vida Cafe Inc. (d/b/a "Mamajuana Cafe") at all relevant times, is and was a New York Incorporated Company, organized and authorized to do business and doing business in the State of New York. Mamajuana Cafe is a restaurant in Upper Manhattan, in the City of New York and it has been operating since August of 2006 and had forty-five (45) employees and forty-five (45) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders.

Plaintiff Vida Cafe Inc. was forced to completely cease operations of their business from March 15, 2020 until June 24, 2020.  Plaintiff Vida Cafe Inc. estimates it has lost over $750,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Vida Cafe Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $40,000.

99.     Plaintiff Hops 550 LLC (d/b/a "Beer Street South") at all relevant times, is and was a New York Limited Liability Company, organized and authorized to do business and doing business in the State of New York. Beer Street South is a restaurant in Brooklyn, in the City of New York and it has been operating since February 14, 2020 and had forty-five (45) employees and forty-five (45) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Hops 550 LLC was forced to significantly alter operations to deliveries only from March 15, 2020 until the date of filing.  Plaintiff Hops 550 LLC estimates it has lost over $600,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders.

100.    Plaintiff Morelia Mexican Restaurant Corp. (d/b/a "Made In Mexico") at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Made In Mexico is a restaurant in Upper Manhattan, in the City of New York and it has been operating since September of 2013 and had forty (40) employees and thirty-four (34) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement

of the Orders. Plaintiff Morelia Mexican Restaurant Corp. was forced to cease operations of their business from March of 2020 July of 2020 and again from December of 2020 until the date of filing.  Plaintiff Morelia Mexican Restaurant Corp. estimates it has lost over $350,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Morelia Mexican Restaurant Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $40,000.

101.    Plaintiff Sol's Restaurant Inc. (d/b/a "ILsole Restaurant") at all relevant times, is and was a New York Incorporated Company, organized and authorized to do business and doing business in the State of New York. ILsole Restaurant is a restaurant in Upper Manhattan, in the City of New York and it has been operating since June of 2003 and had twenty-five (25) employees and seventeen (17) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff Sol's Restaurant Inc. estimates it has lost over $275,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of  New York's execution and enforcement of the Orders. Plaintiff Sol's Restaurant Inc. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $32,000.

102.    Plaintiff MCSS Restaurant Corp. (d/b/a "Crossbay Diner") at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Cross Bay Diner is a restaurant in Brooklyn, in the City of New York and it has been operating since June of 2001 and had fifty-six (56) employees and fifty (50) employees

were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff MCSS Restaurant Corp. estimates it has lost over $1.5 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff MCSS Restaurant Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $50,000.

103.    Plaintiff 150-03 Restaurant Corp. (d/b/a "Kandela") at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Kandela is a restaurant in Brooklyn, in the City of New York and it has been operating since June of 2019 and had forty (40) employees and thirty-five (35) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 150-03 Restaurant Corp. estimates it has lost over $1 million in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 150-03 Restaurant Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $70,000.

105.    Plaintiff 40-04 Restaurant & Bar Corp. (d/b/a "Spanglish") at all relevant times, is and was a New York Corporation, organized and authorized to do business and doing business in the State of New York. Spanglish is a restaurant in Queens, in the City of New York and it has been operating since November of 2019 and had thirty (30) employees and twenty-five (25) employees were forced to be laid off because of Defendants' Orders and the various Defendant

agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 40-04 Restaurant & Bar Corp. estimates it has lost over $600,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff 40-04 Restaurant & Bar Corp. maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $30,000.

106.    Plaintiff La Puerta de Sol Inc. (d/b/a "La Puerta del Sol") at all relevant times, is and was a New York incorporated company, organized and authorized to do business and doing business in the State of New York. La Puerta del Sol is a restaurant in Queens, in the City of New York and it has been operating since December of 2018 and had eight (8) employees and four (4) employees were forced to be laid off because of Defendants' Orders and the various Defendant agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff La Puerta de Sol Inc. estimates it has lost over $80,000 in revenue, and continues to lose more everyday, due to Defendants' Orders and the other Defendant Agents of the City and State of New York's execution and enforcement of the Orders. Plaintiff La Puerta de Sol Inc.maintains that it could have safely operated their business and even undertook the expense of retrofitting their business to comply with Defendants' Orders, which cost approximately $10,000.


## **DEFENDANTS**

107.    Defendant Andrew Cuomo ("Governor Cuomo") is and was the Governor of the State of New York and is and was acting under color of State law and in his official capacity and also as an individual, at all times relevant to the allegations made by Plaintiffs herein. Cuomo's principal place of business is located at the State Capitol Building, Albany, New York 12224.

108.    Defendant State of New York, represented by and through its Attorney General, is a sovereign state of the United States of America.

109.    Defendant Bill de Blasio (AKA "Warren Wilhelm Jr.") is and was the Mayor of the City of New York and is and was acting under color of City law and in his official capacity, at all times relevant to the allegations made by Plaintiffs herein. De Blasio's principal place of business is at City Hall, New York, New York 10007.

110.    Defendant the City of New York (the "City") is a municipal corporation within the State of New York.

111.    As alleged herein, Defendants are responsible for the implementation of various Executive Orders and other Civil Orders ("Orders") that are in direct violation of the U.S. and New York Constitutions and Federal Law including but not limited to:

(a) 42 U.S.C. Section 1983 of the Federal Civil Rights Act ;

(b) the Due Process Clause of the 5th and 14th Amendments;

(c) the Equal Protection Clause of the 5th and 14th Amendments;

(d) the Takings Clause of the 5th Amendment;

(e) Article 1 Section 6 of the New York State Constitution;

(f) Article 1 Section  7(a) of the New York State Constitution; and

(g) Article 1 Section 11  of the New York State Constitution;

Accordingly, each and every Defendant acted under color of state law with respect to all acts or omissions herein alleged.

## FACTUAL ALLEGATIONS

112.    The Orders in question here are Executive Orders issued by Defendants Cuomo and DeBlasio in response to the COVID-19 pandemic crisis.   The Orders were not laws duly passed

after debate in the chambers of the New York State Legislature or the New York City Council. This crisis has caused significant loss of life and the actions taken by the Defendants, purportedly intended to mitigate the public health effects, have caused catastrophic and unprecedented economic damage to Plaintiffs' businesses.

113.    State and City officials face tremendous challenges with respect to executing policy to protect the general public's health and welfare during this time of crisis.  These policies, as well-intentioned as they may be, have had an unlawful and disparate effect on some people and their businesses over other people and their businesses.   The effect of these Orders has been an unlawful violation of Plaintiffs' civil rights as guaranteed by the United States and New York State Constitutions, as well as the Federal Civil Rights Act (42 U.S.C. § 1983).

114.    Since the initial outbreak of COVID-19 in the United States in February of 2020, the federal government's projections of the anticipated national death toll related to the virus have decreased substantially. Despite such downward revisions, Defendants have increasingly restricted Plaintiffs' engagement in constitutionally protected activities, instead of easing said restrictions.

115.    On March 7, 2020,  with respect to the State of New York, Defendant Cuomo issued Executive Order No. 202, which declared a State of Emergency in New York in response to the threat of the spread of COVID-19 throughout the State..

116.    On March 12, 2020, Defendant de Blasio declared a local state of emergency in New York City in response to the Covid-19 pandemic.  On March 15, 2020, Defendant de Blasio issued City Order 99, which immediately canceled gatherings in excess of 500 people and capped the capacity of eating and drinking establishments at fifty percent (50%) their normal legally allowed capacity. This was enforced under threat of prosecution as a Class B misdemeanor

pursuant to New York Penal Law § 70.15(2), which is punishable by up to three (3) months imprisonment.

117.   On March 16th, 2020 (the next day), Defendant de Blasio signed City Order 100, which immediately ordered food and drink establishments to restrict their business to takeout and delivery only.  This rapid change resulted in further restrictions on Plaintiff's civil rights and liberties would prove to be a hallmark characteristic of the Orders.

118.   Also, on March 16th, 2020, Defendant Cuomo issued Executive Order No. 202.3, which ordered dining establishments to cease service of food and drink for on premise consumption by 8:00 p.m that day. Gyms and Fitness Studios were also ordered to cease operations by 8:00 p.m. that day and most of them have yet to fully reopen or reopen at all.

119.   On March 20th, 2020 Defendant Cuomo issued Executive Order No. 202.6, also known as the "New York Pause" Order.  This Order arbitrarily categorized businesses as either "Essential" or "Non Essential." This Order subjected businesses to restrictions based on whether they were deemed "Essential" or "Non Essential."   All Plaintiffs' businesses were summarily categorized as "Non Essential" and subject to  strict restrictions and closings in direct violation of their US and NYS Constitutional rights, as well as Federal Law.

120.   As a result of the issuance of Defendant Cuomo's Executive Order No. 202.6, whole industries and subsections of New York industries, specifically those of Plaintiffs herein, were deemed "Non-Essential" businesses and effectively ordered, under penalty of fine, imprisonment and revocation/suspension of state issued licenses (necessary to their business), to shut down either in whole or in significant part to such an extent that imperiled their ability to financially survive.

121.    Also, on March 20th, 2020, Defendant de Blasio issued City Order 102, which further reduced the in-person workforce of "Non Essential" businesses by seventy-five percent (75%).  Just five days later, on March 25, 2020, Defendant de Blasio issued City Order 103, which further reduced the in-person workforce of "Non Essential" businesses by one hundred percent (100%) and effectively shuttered Plaintiffs' businesses, which inperson labor was essential to the operation of.

122.    On May 11th, 2020, Defendant Cuomo announced his plan for reopening, "New York Forward."  This plan included a staggered reopening of the various regions of the State under shutdown for the past two months.  New York Forward set several metrics to determine if a region could reopen.  By all accounts, New York City had met the metrics required for reopening, but Defendant Cuomo declined to allow New York City to open in conformity with the New York Forward metrics. New York City businesses, including those of Plaintiffs', were subject to stricter and longer restrictions than businesses located outside of the City, but within the State.

123.    By June 24th, 2020, all of the State had reopened its drinking and eating establishments, with the exception of those located in New York City.  On July 6th, 2020, Defendant Cuomo issued Executive Order No. 202.48, which provided in relevant part that New York City had entered Phase 3 of New York Forward, but indoor dining would not be permitted to reopen within the City, despite this being a crucial component of Phase 3 reopening, as previously stated by Defendant Cuomo on May 11th, 2020.

124.    On September 30th, 2020, Defendant Cuomo's Executive Order No. 202.68 took effect, which provided for the reopening of indoor dining in New York City, despite the fact that New York City had met the metrics for Phase 3 reopening on July 6th, 2020.  As per Executive Order No. 202.68, eating and drinking establishments in New York City were allowed to open at

maximum capacity of twenty-five percent (25%) of their normal operating capacity, despite a fifty percent (50%) capacity restriction in effect for the rest of the State.

125.    On December 11th, 2020, Defendant Cuomo issued Executive Order No. 202.81, which ended indoor dining at eating and drinking establishments effective December14th, 2020.

126.    At every turn of this crisis New York City businesses, specifically Plaintiffs' businesses, have been treated disparately from other businesses throughout the State.  They have been subject to longer and more strict restrictions, which have been executed in an arbitrary and unreasonable manner, in violation of equal protection and due process rights and established New York State precedent.

127.    Notably, none of the Orders provided for any compensation with respect to the burden being borne by Plaintiffs' businesses, which is a direct result of the Defendants' Orders and the unconstitutional taking that they effected.

128.    Defendants' Orders and their unconstitutional and disparate enforcement have caused rampant and unfathomable damage to the economy of New York State and City through the draconian government restrictions and closures, in part and whole, of Plaintiffs' businesses. As a result, Plaintiffs now face severe and potentially insurmountable financial hardship, including but not limited to a devastating loss of income, laying off the majority (if not all) of their employees, and a very real threat to their survival.

129.    All the while "Essential" businesses continue to operate, and indeed, turn a profit (if not historical profits) during this time of crisis.  In contrast to Plaintiffs' "Non-Essential" businesses, which have been catastrophically damaged at the hands of governmental overreach and Orders, which stand in blatant violation of both the U.S and N.Y.S. Constitutions.  These

Orders, which are issued and enforced by Defendants have impacted every sector of the economy in the State of New York.

130.    Accordingly, Plaintiffs complain against Defendants, and each of them, for violation of the 42 U.S.C. Section 1983 (Federal Civil Rights Act), to declare and enjoin the enforcement of the Orders and all subsequent modifications of said orders through date of filing and after.

131.    Plaintiffs have standing to bring Section 1983 claims since they are aggrieved in fact because their businesses are the subject to the enforcement of the Orders, which are facially unconstitutional. The Orders have had the effect of forcing Plaintiffs, which are a collection of New York City businesses, to bear the brunt of a public burden by taking away their ability to operate their respective businesses.

132.    Defendants' Orders are in violation of 42 U.S.C. Section 1983, as is the enforcement of these Orders by agents of Defendants,  which should be enjoined under Section 1983 due to the following circumstances:

(a) The Orders plainly violate the Due Process and Equal Protection Clauses of the 5th and 14th Amendments in that they unconstitutionally and disparately apply one set of rules to businesses arbitrarily deemed "Essential" versus all other businesses (such as Plaintiffs') that are deemed "Non-Essential", which must close pursuant to the Orders. Plaintiffs contend that ALL businesses in the State of New York are "Essential" to the health, welfare and well-being of its citizens, and that the general health outcome sought through the passage of these Orders (i.e. lowering the curve of the Covid 19 transmission rate) could be accomplished through less restrictive means;

(b) The Orders effectively amount to an impermissible "partial" or "complete" taking in violation of the Takings Clause of the Fifth Amendment of the U.S. Constitution in that the prohibitions and restrictions placed on Plaintiffs' operations of their "Non- Essential" businesses constitutes a regulatory taking of private property, for public purpose, without providing just compensation therefor.  Furthermore, the Orders violates the Takings Clause of the Fifth Amendment in that the complete prohibition on indoor dining in the City of New York and other such restrictions placed on the business operations of "Non-Essential" businesses constitutes an irrational, arbitrary, and capricious law bearing no rational basis to any valid government interest. The notion that the government-ordered shutdown of "Non-Essential" businesses (such as Plaintiffs') is absolutely necessary in curbing the spread of the of COVID 19 constitutes an unconstitutional infringement on Plaintiffs' civil rights and liberties to operate in a free-market economy. As national and statewide data has recently suggested, the economic impact of the mandatory, unconstitutional closures of "Non-Essential" businesses has had an unnecessarily devastating and unprecedented crippling effect on local and state economies. ALL businesses are 'essential' and necessary to the maintenance of the health, welfare and prosperity of New York's citizens.

(c) The Orders further violate the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

(d) The Orders further violate Article 1 Sections 6, 7(a) and 11 of the New York State Constitution.

133.     Defendants orders are not narrowly tailored to further any compelling governmental interest. Defendants have granted numerous special exemptions to their bans on public gatherings and conduct, including for purportedly "Essential" businesses and activities, provided that social distancing practices are observed. Since these gatherings may be permitted, there can be no doubt that Defendants may, and therefore must, permit Plaintiffs to engage in equivalent business activities provided that Plaintiffs also adhere to the social distancing guidelines currently in place.

134.     Unless and until injunctive relief is granted, Plaintiffs will continue to suffer irreparable harm for which they are left without an adequate remedy at law, in that they are subject to criminal cases (i.e. misdemeanor prosecutions) based on the enforcement of the Orders by the Defendants and their agents.

### FIRST CLAIM FOR RELIEF
### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### (*By Plaintiffs against All Defendants*)

135.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

136.     Plaintiffs have a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment. The Supreme Court has determined that due process requires, at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal. See *Mullane v. Central Hanover Bank* (1950).

137.     The Orders and Defendants' enforcement thereof, violate Plaintiffs' due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or

property, without due process of law." The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights. See *Duncan v. Louisiana*, 391 U.S. 145, 147–149 (1968). In addition, these liberties extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs. See, *Eisenstadt v. Baird*, 405 U.S. 438, 453 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 484–486 (1965).

138.    Defendants' Orders, which expressly deprive Plaintiffs of their rights and liberties in lawfully operating their businesses by ordering the closure and/or imposing restrictions on those businesses deemed "Non-Essential," did not afford Plaintiffs with a constitutionally adequate hearing to present their case for their businesses to not be shut down or otherwise restricted.  At a minimum, Plaintiffs should have been able to decide for themselves whether to "shut down" if their businesses were not equipped to properly comply with health and safety guidelines issued by the Centers for Disease Control and New York State governments in connection with the COVID-19 crisis.

139.    Defendants failed to comply with the procedural and substantive requirements of the U.S. Constitution in connection with Plaintiffs rights and liberties as they relate to their businesses.  This would have given Plaintiffs a meaningful opportunity to respond to the proposed Orders and articulate why they were misguided and unconstitutional, as applied to them.

140.    Because Defendants' decisions in issuing the Orders were made in reliance on procedurally deficient and substantively unlawful processes, Plaintiffs were directly and approximately deprived of their property.  Consequently, they were denied the ability to lawfully operate their businesses without unconstitutional government overreach.

141.    Because Defendants' decisions were made in reliance upon an arbitrary and capricious interpretation of the New York State Constitution and related laws and statutes with respect to their ability to order the "closure" or substantial closure of all "Non Essential" businesses, Plaintiffs were directly and proximately deprived of their property rights absent due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

142.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

143.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders.

144.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.


### SECOND CLAIM FOR RELIEF
### EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
### (*By Plaintiffs against All Defendants*)

145.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

146.    At its core, the Equal Protection Clause of the 14th Amendment to the U.S. Constitution functions as a constitutional guarantee that no person or group will be denied the protection under the law that is enjoyed by similar persons or groups.  Persons similarly situated must be similarly treated. Equal protection is extended when the rule of law is applied equally in

all like cases.  When persons are exempt from obligations greater than those imposed upon others in like circumstances, it amounts to a violation of equal protection under the law.

147.    The Orders and Defendants' enforcement thereof violate the Fourteenth Amendment, both facially and as-applied to Plaintiffs. The Fourteenth Amendment of the Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." Equal protection requires the state to govern impartially—not draw arbitrary distinctions between businesses based solely on differences that are irrelevant to a legitimate governmental objective.

148.    Defendants have intentionally and arbitrarily categorized New York State businesses and conduct as either "Essential" or "Non Essential." Those businesses classified as "Essential," or as participating in "essential services", are permitted to go about their business and activities provided certain social distancing practices are employed. Those classified as "Non Essential," or as engaging in Non Essential activities, are required to shut down or in the alternative have restrictions imposed upon them that are tantamount to a partial, and in some cases total shutdown.

149.    Defendants have also sought to arbitrarily classify Plaintiffs' businesses on the basis of their geographical location within the boundaries of New York City.  They have veered from their own Orders to unnecessarily single out businesses operating in New York City for longer and stricter restrictions, while allowing counterparts in adjacent counties, such as Nassau County, to operate without the same restrictions.  This has resulted in situations where restaurants on the same street, separated by five hundred (500) feet, were operating under different rules with respect to the allowance of indoor dining.[4]   As if COVID 19 stops at the New York City line.

---

[4] "'Unfair' indoor dining rules send Queens patrons to Nassau: lawsuit" DeGregory, Priscilla, August 31, 2020, *New York Post* <https://nypost.com/2020/08/31/indoor-dining-rules-send-queens-patrons-over-to-nassau-lawsuit/>

150.     Strict scrutiny under the Equal Protection Clause applies where, as here, the classification impinges on a fundamental right.

151.     Defendants cannot satisfy strict scrutiny, because their arbitrary classifications are not narrowly tailored measures that further compelling government interests, for the reasons stated above.

152.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

153.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders.

153.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
**VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT**
(***By Plaintiffs against All Defendants***)

154.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

153.     The Supreme Court has long held that "the Fifth Amendment...was designed to bar the Government from forcing people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." See *Armstrong v. United States,* (1960) 364 U.S. 40, 49.

_____

154.    The New York State Court of Appeals has found that "The state may not take private property without compensation even for a public purpose and to advance general welfare." See Arverne Bay Const. Co. v. Thatcher, 278 N.Y. 222 (N.Y. 1938).

155.    In this case, Defendants' Orders provided that Plaintiffs were required to abide by onerous restrictions, which are tantamount to a complete and/or partial cessation of operations as a means to help curb the spread of COVID-19. Such a mandate completely and unconstitutionally deprives Plaintiffs of significant, if not all, economically beneficial use of their businesses without just compensation.

156.    The New York State Court of Appeals has held that "Remuneration owed by state for taking of private property for public use arises not from any element of wrongfulness or illegality but, rather, from the notion of according fair compensation to those whose private property rights have been subordinated to overriding public purpose." See Williamsburg Candy & Tobacco, Inc. v. State, 106 Misc.2d 728 (N.Y. 1981).

157.    Defendants' Orders and the enforcement thereof caused both a complete and total regulatory and physical taking of Plaintiffs' property without just compensation in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution. At a minimum, the effect of Defendants' Orders constitutes a "partial" taking under the Penn Central three prong test: (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations and (3) the character of the governmental action.  See Penn Central Trans. Co. v. City of New York, 438 U.S. 104 (U.S. 1978).

158.    The economic impact on the Plaintiffs has been a crisis in that of itself and probably not survivable by the bulk of the plaintiffs.  The Plaintiffs have all invested considerable sums in their business and each have a track record of years of returns that would make their projections

and expectations of future returns reliable.  The character of the governmental action has been for the public welfare but has decimated the economic interests of the Plaintiffs and taken their ability to earn an income and revenue to support themselves, their workers and their businesses.  Under *Penn Central*, this is most certainly a taking.  As a result, Defendants' blatant violation of the Takings Clause of the 5th Amendment has caused proximate and legal harm to Plaintiffs.

159.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

160.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders.

161.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF**
**THE NEW YORK STATE CONSTITUTION  (N.Y. Const. Art. 1 § 11)**
***(By Plaintiffs against All Defendants)***

162.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

163.    The New York State Constitution's provision on equal protection is as broad in its coverage as that of the Fourteen Amendment. See *Quinn v. Cuomo*, 183 A.D.3d 928 (2nd Dept. 2020).

164.    Article I § 11 of the New York State Constitution provides in relevant part that "no person shall be denied the equal protection of the laws of this state or any subdivision thereof." See N.Y. Const. art. I, § 11.

165.    These restrictions were based on a purported distinction between "Essential" and "Non Essential" businesses that was not in fact based on whether a business was essential, was not based on risk assessments, was instead based on political considerations, and, in any event, was arbitrary and unreasonable.

166.    The restrictions imposed on Plaintiffs' businesses contradicted the known facts about Covid-19 and were not rationally related to the government's legitimate interest in curtailing the spread of the disease.

167.    The imposing of restrictions on businesses based on geography or an arbitrary label of "Non Essential" is not rationally related to the governmental objective of curbing the spread of COVID 19.   These "Non Essential" business activities are not responsible for anywhere near the great majority of spread.   According to the relevant research, much of which compiled by Defendants, the greatest sources of the spread in New York City are private in home gatherings, visits to medical facilities and the NYC Subway system.   None of the three major causes of the spread are subject to anywhere near the level of draconian restrictions that Plaintiffs' businesses are subject to.

168.    At no point were restrictions as harsh as those placed on "Non Essential" businesses placed on the subway system.   In fact, these Non Essential businesses served a very real prophylactic and data gathering purpose.   These Non Essential businesses were employing temperature checks, strict mask requirements, social distancing measures and contact tracing, none of which is accomplished through two of the largest sources of the spread, the subway and in house

gatherings.  In fact, keeping these businesses open and operating could serve a very real public safety function of data accumulation that would otherwise be lacking in the Defendants response to the crisis.

169.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

170.    Plaintiffs have found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to Equal Access to Justice Act, see N.Y.  C.P.L.R. §  8600, which has been held by Courts in the State of New York:  "Purpose of State Equal Access to Justice Act is to assist economically disadvantaged litigants in obtaining legal assistance in the prosecution of actions seeking to obtain redress from wrongful actions of the state."  See Scott v. Coleman 20 A.D.3d 631 (3 Dept. 2005), leave to appeal dismissed 5 N.Y.3d 880 (N.Y. 2005).

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE TAKINGS CLAUSE OF
### THE NEW YORK STATE CONSTITUTION  (N.Y. Const. Art. 1 § 7(a))
### (*By Plaintiffs against All Defendants*)

171.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

172.    The New York State Court of Appeals has held: "Governmental regulation of private property affects a taking if it is so onerous that its effect is tantamount to a direct appropriation or ouster." See Consumers Union of U.S., Inc. v. State, 5 N.Y.3d 327 (N.Y. 2005).

173.    Article I § 7(a) of the New York State Constitution provides in relevant part that "Private property shall not be taken for public use without just compensation." See N.Y. Const. art. I, § 7(a).

174.    "Taking may be found only if an onerous burden forces property owners alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." See *Briarcliff Associates, Inc. v. Town of Cortlandt,* 272 A.D.2d 488 (2nd Dept. 2000).

175.    New York courts have routinely held that the New York State Constitution provides just compensation to property owners when their property is taken for public use.  Because the law seeks to bar the government from forcing some people alone to bear public burdens, which in all fairness and justice, should be borne by the public as a whole.

176.    Through the use of the Orders, Defendants have restricted the Plaintiffs' businesses to the point where they have lost (as detailed above) the substantial majority, if not all, of their revenue and had to lay off hundreds, if not thousands, of employees.  They have also incurred tremendous costs to retrofit their businesses to maintain compliance with an Executive Order that has been modified 87 times as of writing (See NY Exec. Order No. 202.87).  The restrictions imposed by the Orders were supposed to be for the public health, which as laudable a goal as it is, does not obviate the Defendants of their liability to the Plaintiffs herein for this taking.  It has been a long held precedent in New York State, that the liability of the governmental actors with respect to a taking is compensation.   "The general liability of the state or of a political division thereof is a sufficient provision for compensation." See *Brewster v. J. & J. Rogers Co.*, 169 N.Y. 73 (N.Y. 1901).

177.    Requiring Plaintiffs to abstain from conducting lawful business in the State of New York, despite other compliance measures (i.e. expense of retrofitting businesses to comply with

the moving goal posts of Executive Order 202 and its 87 modifications) being taken to satisfy the public health interests at stake, violates their New York Constitutional rights as per Article I § 7(a) of the New York State Constitution.

178.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

179.    Plaintiffs have found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to Equal Access to Justice Act, see N.Y. C.P.L.R. § 8600, which has been held by Courts in the State of New York:  "Purpose of State Equal Access to Justice Act is to assist economically disadvantaged litigants in obtaining legal assistance in the prosecution of actions seeking to obtain redress from wrongful actions of the state."   See *Scott v. Coleman* 20 A.D.3d 631 (3 Dept. 2005), leave to appeal dismissed 5 N.Y.3d 880 (N.Y. 2005).

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE DUE PROCESS CLAUSE OF
### THE NEW YORK STATE CONSTITUTION  (N.Y. Const. Art. 1 § 6)
### (*By Plaintiffs against All Defendants*)

180.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

181.    The New York State Court of Appeals has held: "Depriving an owner of property of one of its essential attributes is depriving the owner of his property within this section, and, absent due process, works an impermissible forfeiture of right given by contract." See *Patterson v. Carey*, 41 N.Y.2d 714 (N.Y. 1977).

182.    Article I § 6 of the New York State Constitution provides in relevant part that "No person shall be deprived of life, liberty or property without due process of law." See N.Y. Const. art. I, § 6.

183.    It has been long held precedent in the State of New York that a deprivation of property occurs when it  "...prevents him from doing acts which he desires to do or diminishes enjoyment or profit he would otherwise derive from property." See *Headley v. City of Rochester*, 272 N.Y. 197 (N.Y. 1936).

184.    The Defendants, through their issuance and enforcement of the Orders have placed onerous restrictions on Plaintiffs' businesses, which have prevented them from operating either entirely or partially.  These restrictions have amounted to catastrophic losses of revenue and in some instances the permanent closure of Plaintiffs' businesses.  This was done without any formal hearing as to the merits of these actions and more importantly, without any formal public hearing with regard to the costs to Plaintiffs' businesses or anyone's businesses for that matter.  They have been deprived of their revenue and the profits generated from said revenue as per the Court in *Headley.*

185.    "Citizens may not be deprived of property without due process of law." See *Williams v. White Plains Housing Authority,* 62 Misc.2d 613 (N.Y. 1970).  "Property may not be taken without due process of law." See *Milchman v. Rivera*, 39 Misc.2d 347 (N.Y. 1963).

186.    The restrictions imposed by Defendants' Orders were imposed in an arbitrary and unreasonable matter.  While the Orders are intended to stem the transmission of COVID 19 to prevent an overwhelming of our healthcare infrastructure, this is not backed by reputable scientific sources.  According to New York State's most recent contact tracing data, released by the Defendants on December 11th, 2020, the number one source of the spread is in home gatherings,

which accounts for 74% of new cases of COVID 19.  The second largest source of the spread came from healthcare facility visits, which accounts for 7.8% of new cases of COVID.

187.  In fact, restaurants and bars, which make up the majority of the Plaintiffs' businesses, only account for 1.4% of new cases of COVID 19, as per Defendants' own data.[5]

188.  Defendants have chosen to arbitrarily and unreasonably single out the industries that comprise Plaintiffs' businesses, while failing to take similarly restrictive actions with respect to the most serious source of the spread according to their data, which are household gatherings.

189.  Research from a non-party to this action, which was conducted by the Massachusetts Institute of Technology attributes the main source of the spread in New York City to the subway system, "...several lines of evidence point to the subway system as a major disseminator – if not the principal transmission vehicle – of coronavirus infection during the initial exponential takeoff of the coronavirus epidemic in New York City during the first two weeks of March 2020."  In fact this same research concluded "...the ensuing marked decline in subway use was the main vehicle by which the public's growing perception of risk was translated into reduced transmission of the virus."[6]

190.  Defendants' Orders which have consistently moved the ball over the course of this crisis, with respect to the restrictions imposed on Plaintiffs' businesses, have failed to impose the same level of restrictions and the enforcement thereof on the subway system, which is squarely under Defendants' jurisdiction to do so. Instead, Defendants have arbitrarily singled out Plaintiffs' businesses without demonstrating the scientific necessity of doing so.

---

[5] "Restaurants and Bars Account for Less Than 2 Percent of New COVID-19 Cases in New York" Collarosi, Natalie, *News Week*, December 11, 2020 <https://www.newsweek.com/restaurants-bars-account-less-2-percent-new-covid-19-cases-new-york-1554206>
[6] Pg. 22 "The Subways Seeded the Massive Coronavirus Epidemic in New York City" Harris, Jeffrey, *National Bureau of Economic Research Working Paper No. 27021*, April 19, 2020,  Massachusetts Institute of Technology
<https://web.mit.edu/jeffrey/harris/HarrisJE_WP2_COVID19_NYC_24-Apr-2020.pdf>

191.    "To satisfy procedural due process requirements, a statute or government action must have a real and substantial relation to the subject to be obtained and the methods to obtain that subject must not be unreasonable, arbitrary, or capricious."  See *People v. Koertge*, 182 Misc.2d 183 (N.Y. 1998).  Defendants Orders have been imposed in an arbitrary, unreasonable and quite frankly haphazard manner that has failed to consider or hear the impact these Orders have had on Plaintiffs' businesses and factor that into the calculus of their decision making process.

192.    The "Due process requirement, with respect to notice in eminent domain proceedings, concerns the opportunity to be heard on the issues of compensation and public use."  See  *Uptown Holdings, LLC v. City of New York*, 77 A.D.3d 434 (1st Dept. 2010), appeal dismissed 2011 WL 537041 (N.Y. 2011).  To date there has been no proceeding or hearing that has allowed the Plaintiffs to be heard on the issues of compensation and public use, the Plaintiffs' businesses are merely held hostage by Defendants' ever changing Orders.

194.    Requiring Plaintiffs to abstain from conducting lawful business in the State of New York, without hearing and in an arbitrary and unreasonable manner violates their New York Constitutional rights as per Article I § 6 of the New York State Constitution.

195.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

196.    Plaintiffs have found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to Equal Access to Justice Act, see N.Y.  C.P.L.R. §  8600, which has been held by Courts in the State of New York:  "Purpose of State Equal Access to Justice Act is to assist economically disadvantaged litigants in obtaining legal assistance in the prosecution of actions

seeking to obtain redress from wrongful actions of the state." See *Scott v. Coleman* 20 A.D.3d 631 (3 Dept. 2005), leave to appeal dismissed 5 N.Y.3d 880 (N.Y. 2005).

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

 (1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders;

 (2) declaratory relief from this Court in declaring that Defendants' Orders violate Plaintiffs' civil rights under:

   (a) 42 U.S.C. § 1983;

   (b) the Due Process Clause of the 5th and 14th Amendments;

   (c) the Equal Protection Clause of the 5th and 14th Amendments;

   (d) the Takings Clause of the 5th Amendment;

   (e) Article 1 § 6 of the New York State Constitution;

   (f) Article 1 § 7(a) of the New York State Constitution; and

   (g) Article 1 § 11 of the New York State Constitution;

(3) Both Compensatory and Punitive Damages, which were proximately caused by the above and herein plead violations of civil rights;

(4) attorney's fees and costs; and

(5) for such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
        March 17, 2021                          BY: _____/S/_____
                                                Kenneth E. Belkin, Esq. (KB-0080)
                                                225 Broadway, Suite 715
                                                New York, New York 10007
                                                c: (718) 724-3466
                                                f: (212) 566-8165
                                                e: kb@belkinlaw.com